751 A.2d 1136

Thomas LOCKWOOD, Administrator of the Estate of James P. Lockwood, Appellant,

v.

CITY OF PITTSBURGH and Allegheny County,

v.

Eric Wilson, Appellees.

Supreme Court of Pennsylvania.

Argued Sept. 13, 1999.

Decided May 18, 2000.

Vincent A. Coppola, White Oak, for Thomas M. Lockwood.

Laurence M. Kelly, Montrose, amicus curiae Trial Lawyers Assoc.

John Shorall, Susan E. Malie, Pittsburgh, for City of Pittsburgh.

David V. Weicht, John A. Robb, Pittsburgh, for Eric Wilson.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

ZAPPALA, Justice.

■ We must determine whether a claim alleging that the City of Pittsburgh was negligent in failing to install a guardrail along a curve in the road where an accident occurred falls within the streets exception to governmental immunity set forth in the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8542(b)(6). In *Dean v. Commonwealth of Pennsylvania, Department of Transportation,* 561 Pa. 503, 751 A.2d 1130 (2000) also decided today, we held that the failure to erect a guardrail is not a "dangerous condition of Commonwealth realty" for purposes of the real estate exception to sovereign immunity. We likewise hold that the failure to erect a guardrail is not a "dangerous condition of streets" for purposes of the streets exception to governmental immunity under the Tort Claims Act. Accordingly, for the reasons set forth herein, we affirm the order of the Commonwealth Court, which affirmed the judgment in favor of the City.

The undisputed facts establish that on November 24, 1990, James Lockwood was a passenger in an automobile operated

by Eric Wilson. The vehicle was traveling east on Greenfield Road in Schenley Park, Allegheny County, when Wilson failed to negotiate a sharp curve in the road. The car traveled off the roadway, went down an embankment and struck a tree. Lockwood suffered fatal injuries in the crash. Blood alcohol tests revealed that Wilson had a blood alcohol content of .168%. Wilson was subsequently convicted of vehicular homicide while driving under the influence of alcohol.

The administrator of Lockwood's estate, Appellant, filed a wrongful death and survival action against the City and Allegheny County, which joined Wilson as an additional defendant. The County was subsequently dismissed from the case when it was discovered that it did not own the road in question. At trial, Appellant contended that the City was negligent in failing to maintain its roadways. He alleged that the absence of a guardrail on the road where the accident took place created a foreseeable risk of injury and was a substantial factor in causing Lockwood's death. Expert testimony was presented in support of these assertions. The City maintained that it was immune from suit under the Tort Claims Act.

On March 13, 1996, the jury entered a verdict finding both the City and Wilson fifty percent liable. The common pleas court, however, subsequently granted the City's motion for post-trial relief and entered judgment notwithstanding the verdict based on the Commonwealth Court's then recent opinion in *Rothermel v. Commonwealth of Pennsylvania, Department of Transportation*, 672 A.2d 837 (Pa.Cmwlth.1996).[1] The

---

1. In *Rothermel*, a driver lost control of her vehicle due to an ice patch on the roadway. The car veered off the road, down an embankment, and struck a tree. Both the driver and passenger were killed. The passenger's estate filed suit against the driver's estate for negligent operation of the vehicle and against the Commonwealth, Department of Transportation (PennDOT), for failing to maintain a guardrail along the roadway.

The Commonwealth Court held that PennDOT was not liable because the absence of a guardrail, dangerous or otherwise, did not cause the accident itself, but merely facilitated the decedent's injuries. The court concluded that the cause of the accident was the unnatural and artifi-

common pleas court cited *Rothermel* for the proposition that the cause of the *accident* as opposed to the cause of the *injuries* is controlling for purposes of determining the applicability of the immunity provisions. It concluded that because the accident was caused by Wilson's operation of the vehicle while intoxicated rather than any negligence on the part of the City, the City was entitled to judgment as a matter of law.

On appeal to the Commonwealth Court, Appellant argued that the entry of judgment in favor of the City was inconsistent with our Court's decision in *Crowell v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992). The Commonwealth Court rejected Appellant's argument and affirmed judgment in favor of the City. It distinguished *Crowell* on the ground that in the instant case "there was no 'active negligence' on the part of the City that *caused* the accident in question." Slip op. at 11 (emphasis supplied).[2]

Judgment notwithstanding the verdict can be entered only if the movant is entitled to judgment as a matter of law or if the evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. *Moure v. Raeuchle*, 529 Pa. 394, 604 A.2d 1003, 1007 (1992). A lower court's grant or denial of a judgment notwithstanding the verdict will be disturbed only for an abuse of discretion or an error of law. *Id.*

The determination of whether judgment was properly entered in favor of the City begins with an examination of the applicable provisions of the Tort Claims Act. This Act legislatively raises the shield of governmental immunity against any damages on account of injury to a person or property caused by any act of a local agency or employee thereof. 42 Pa.C.S. § 8541. By way of exception to the rule of governmental

cial accumulation of water and ice on the roadway and therefore the entry of summary judgment in favor of PennDOT was appropriate.

2. Judge Pellegrini concurred in the result. Judge Flaherty filed a dissenting opinion wherein he found that the majority's attempt to distinguish *Crowell* was unavailing. He further opined that the causation analysis employed in *Rothermel* regarding the distinction between "cause of the accident" and "cause of the injury" should be overruled.

immunity, the Act provides that liability may be imposed if the damages suffered by an injured party would be recoverable at common law or by statute and the negligent acts of the local agency fall within one of the enumerated exceptions to immunity. 42 Pa.C.S. 8542(a). Because of the clear intent to insulate government from exposure to tort liability, the exceptions to immunity are to be strictly construed. *Kiley v. City of Philadelphia,* 537 Pa. 502, 645 A.2d 184, 185–186 (1994).

The exception at issue here is the streets exception to immunity, which exposes a local agency to liability for:

A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. § 8542(b)(6).

In support of his argument that entry of judgment in favor of the City was improper, Appellant relies on the Commonwealth Court's decision in *Dean v. Commonwealth,* 718 A.2d 374 (Pa.Cmwlth.1998), which expressly overruled its decision in *Rothermel.*[3] In *Dean,* the plaintiff incurred serious injuries while she was a passenger in a car that fishtailed on a snow-covered roadway and traveled over an embankment. In her action against PennDOT, the plaintiff alleged that PennDOT was negligent in failing to properly shield the embankment with a guardrail on the portion of the highway where the accident occurred. PennDOT moved for summary judgment based on *Rothermel,* which the common pleas court granted.

The *en banc* Commonwealth Court reversed the entry of summary judgment in favor of the Commonwealth. In reject-

---

**3.** Appellant also contends that the lower courts erroneously distinguished *Crowell v. City of Philadelphia* on the basis that the instant case did not involve any "active negligence" on the part of the City. To the contrary, Appellant maintains that the jury expressly found that the City was legally responsible for the death of Lockwood as a joint tortfeasor.

ing the *Rothermel* distinctions between "cause of the accident" and "cause of the injury," the court held that the sovereign immunity statute waives immunity based upon *damages* caused by a dangerous condition and is not based on the *cause* of the accident. The court found this interpretation of the sovereign immunity statute consistent with "normal" negligence law that provides that there can be two or more proximate causes of injuries in a negligence action because a negligent act may be a proximate cause of damages even though other causes may have contributed to the result. *Id.* at 379.

In an opinion also filed today, our Court reversed, although on entirely different grounds, and reinstated the grant of summary judgment in favor of PennDOT. We held that the Commonwealth's failure to install a guardrail did not fall into any of the enumerated exceptions to sovereign immunity. We reasoned that "the absence of a guardrail cannot be said to be a dangerous condition of the real estate that resulted in a reasonably foreseeable injury to [the plaintiff]." At 1134. Our Court explained that the "lack of a guardrail does not render the highway unsafe for the purposes for which it was intended, i.e., travel on the roadway." *Id.* at 1134. We found that "the legislature did not intend to impose liability upon the government whenever a plaintiff alleged that his or her injuries could have been avoided or minimized, had the government installed a guardrail along the roadway." *Id.* Our conclusion was based on the fact that the exceptions to immunity should be narrowly construed and that the General Assembly did not expressly waive immunity for the condition of guardrails. *Id.*

As we have held that the Sovereign Immunity Act and the Tort Claims Act are to be interpreted consistently, *Kilgore v. City of Philadelphia*, 553 Pa. 22, 717 A.2d 514, 516 n. 2 (1998), our decision in *Dean* is controlling here. Accordingly, we hold that the City's failure to install a guardrail along the curve in the road where the accident occurred is not a dangerous condition of streets and therefore does not fall into the streets exception to governmental immunity. As no ex-

ception to immunity applies, the lower courts properly entered judgment in favor of the City.

Justice NIGRO files a Dissenting Opinion.

Justice NEWMAN files a Dissenting Opinion.

NIGRO, Justice, dissenting.

For the reasons outlined in my dissenting opinion in *Dean v. Commonwealth*, 561 Pa. 503, 751 A.2d 1130 (2000), I respectfully dissent.

NEWMAN, Justice, dissenting.

I dissent for the reasons set forth in my dissenting opinion in *Dean v. Commonwealth*, 561 Pa. 503, 751 A.2d 1130 (2000).