## DiBonaventura v. Baker

C.P. of Monroe County, no. 6185 Civil 1997.

*Philip M. Hoz,* for plaintiff.
*Matthew P. Keris,* for defendant.

O'BRIEN, *J.,* December 10, 2001—Plaintiff commenced this action seeking damages for personal injuries resulting from an automobile accident that occurred on March 18, 1996, in Jackson Township, Monroe County, Pennsylvania. The original defendant, who was operating one of the motor vehicles involved in the accident, has filed a complaint joining Jackson Township as

an additional defendant in this proceeding. After discovery was completed, additional defendant Jackson Township has now filed a motion for summary judgment. Following the submission of briefs and oral argument, the additional defendant's motion for summary judgment is now before the court for disposition.

The Pennsylvania Rules of Civil Procedure provide in pertinent part as follows:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. §1035.2.

A motion for summary judgment is only proper in those cases where the pleadings, depositions, answers to interrogatories, and admissions on file, along with the affidavits, and all other matters filed on the record demonstrate that there is no genuine issue of material fact, and that as a result the moving party is entitled to a judgment as a matter of law. *Flannery v. Stump*, 786 A.2d 255 (Pa.

Super. 2001); *J.H. ex rel. Hoffman v. Pellak,* 764 A.2d 64 (Pa. Super. 2000); *Frederick v. Action Tire,* 744 A.2d 762 (Pa. Super. 1999); *Weiner v. American Honda Motor Company,* 718 A.2d 305 (Pa. Super. 1998); *Grossman v. Rosen,* 424 Pa. Super. 463, 623 A.2d 1 (1993). In deciding whether summary judgment is warranted and proper, the court must construe the facts on the record in a light that is most favorable to the non-moving party. The court must also resolve all doubts as to the existence of a genuine fact in favor of the non-moving party. *Flannery, supra; Wendler v. Design Decorators Inc.,* 768 A.2d 1172 (Pa. Super. 2001); *Frederick, supra; Telega v. Security Bureau Inc.,* 719 A.2d 372 (Pa. Super. 1998); *Kaller's Inc. v. John J. Spencer Roofing Inc.,* 388 Pa. Super. 361, 565 A.2d 794 (1989).

In moving for summary judgment, Jackson Township states that there is no genuine issue of material fact in the cause of action against them, owing to the fact that they are immune from tort liability under 42 Pa.C.S. §8541. This statutory section is known as the Political Subdivision Tort Claims Act. Indeed, it is true that this Act stands for the proposition that the political subdivisions of this Commonwealth and their officers and employees are to be immune from civil liability for their actions. ("Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employee thereof." 42 Pa.C.S. §8541.) It has long been held by the courts of this Commonwealth that a township is to be considered a local agency under this Act. *Osborne v. Cambridge*

*Township,* 736 A.2d 715 (Pa. Commw. 1999), *reargument denied, appeal denied,* 563 Pa. 680, 759 A.2d 925 (2000), *reconsideration denied, certiorari denied; Deluca v. Whitemarsh Township,* 106 Pa. Commw. 325, 526 A.2d 456 (1987). In light of this, Jackson Township is therefore to be afforded all of the privileges and immunities provided for under this Act. However, this grant of immunity, by the legislature is by no means absolute. There exists several circumstances upon which a plaintiff can successfully espouse an action in tort against a township of our Commonwealth.

In the sixth paragraph of the joinder complaint, the original defendant alleges the following basis upon which Jackson Township should be held liable:

"(a) Negligently maintained roadways within the township's possession and control so as to allow a dangerous accumulation of anti-skid material to remain in an inappropriate location;

"(b) Negligently applied anti-skid material in such a fashion that it accumulated and posed a danger to motorists;

"(c) Failed to remove anti-skid material such that a dangerous condition was allowed to persist;

"(d) Knew or should have known that the presence of an excessive quantity of anti-skid material would contribute to an accident such as that which occurred on March 18, 1996;

"(e) Failed to warn or otherwise alert motorists of the existence of excessive quantities of anti-skid material

which would prevent them from safely stopping on approach to an intersection."

While the defendant township has raised the immunity afforded by the Political Subdivision Tort Claims Act in "new matter" of their responsive pleading, counsel for the original defendant contends in their brief and at argument that the following exception to that Act is applicable to the township in this proceeding:

"(6) Streets.—

"(i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

"(ii) A dangerous condition of streets owned or under the jurisdiction of Commonwealth agencies, if all of the following conditions are met:

"(A) The local agency has entered into a written contract with a Commonwealth agency for the maintenance and repair by the local agency of such streets and the contract either

"(i) has not expired or been otherwise terminated prior to the occurrence of the injury, or

"(ii) if expired, contained a provision that expressly established local agency responsibility beyond the term of the contract for injuries arising out of the local agency's work.

"(B) The injury and dangerous condition were directly caused by the negligent performance of its duties under such contract.

"(C) The claimant must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition." 42 Pa.C.S. §8542.

It is undisputed that the defendant township entered into a written contract with the Commonwealth as contemplated by 42 Pa.C.S. §8542(6)(ii)(A) for the roadway on which this accident occurred.

The language of the Tort Claims Act clearly raises the shield of governmental immunity against any and all claims filed on account of an injury to a person or property caused by the actions of a local agency or an employee thereof. *Lockwood v. City of Pittsburgh,* 561 Pa. 515, 751 A.2d 1136 (2000); *Kiley by Kiley v. City of Philadelphia,* 537 Pa. 502, 645 A.2d 184 (1994); *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). By way of exemption to this general rule of governmental immunity, the Tort Claims Act provides that liability may be imposed only if the damages suffered by an injured party satisfy three basic requirements. The first requirement of this exception is that the injured party must have a claim that is normally recoverable at common law or by statute. The second requirement is that the complained of injury was the result of negligent acts

of the local agency or an employee thereof. The third and final requirement states that in order for a political subdivision to be liable in tort, the negligent acts of the local agency must fall within one of the enumerated exceptions to the Tort Claims Act. *Lockwood, supra;* 42 Pa.C.S. §8542(a). These exceptions are listed at 42 Pa.C.S. §8542(b). Due to the clear legislative intent to insulate local governments from exposure to tort liability for any of its actions, the exceptions to the general rule of immunity are to be strictly construed. *Lockwood, supra; Kiley, supra* at 506, 645 A.2d at 186; *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989); *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988).

In *Finn v. City of Philadelphia,* 541 Pa. 596, 664 A.2d 1342 (1995), our Supreme Court interpreted the sidewalk exception to the Political Subdivision Tort Claims Act. That provision makes an exception for "a dangerous condition of sidewalks" which is most similar to the language of the provision at issue in the case at bar, to wit "a dangerous condition of streets." In *Finn, supra,* the plaintiff sued the City of Philadelphia for injuries she allegedly suffered when she slipped on an accumulation of grease on a city sidewalk. The Supreme Court found the city immune from such a claim and reasoned as follows:

"We held that section 8542(b)(7) did not pierce the city's immunity. Emphasizing the phrasing of the exception—'a dangerous condition of sidewalks'—and its reference to the 'installation and repair of sidewalks,' we determined that the exception imposes liability for 'the physical condition of the sidewalks themselves,' not for 'objects and substances upon sidewalks' that 'are not part

of [their] physical condition." *Jones v. SEPTA,* 565 Pa. 211, 217, 772 A.2d 435, 441 (2001) (citing *Finn* at 602, 664 A.2d at 1345).

Recently, in *Jones v. SEPTA,* 565 Pa. 211, 220, 772 A.2d 435, 444 (2001), our Supreme Court found immunity under the Sovereign Immunity Act for a slip and fall caused by rock salt on a train platform. In discussing the relationship of the Sovereign Immunity Act and the Political Subdivision Tort Claims Act, the court observed:

"At this point, we revisit the precedent we previously discussed. Our decision in this case and our decision in *Finn* are entirely consistent. Here, as there, we focus on the 'dangerous condition of' phrase that the statutory exceptions in the Sovereign Immunity and Tort Claim Acts share respectively, and are guided by *Snyder's* teaching. Thus, *Finn's* essential holding that application of 42 Pa.C.S. §8542(b)(7) depends on the 'legal determination that an injury was caused by a condition of the government realty itself deriving, originating from, or having the realty as its source,' 664 A.2d at 1346, is identical to our present holding. This is as it should be, since the material words the General Assembly used in the Sovereign Immunity Act's real estate exception mirror the material words it used in the Tort Claims Act's sidewalk exception. 42 Pa.C.S §§8522(b)(4); 8542(b)(7)."

The streets exception at issue in the case at bar also includes the language, "dangerous condition of."

In *Brown v. B & B Construction of Ohio Inc.,* 1 D.&C.4th 606 (1988), the Court of Common Pleas of Mercer County interpreted the "streets" exception to the Political Subdivision Tort Claims Act. In that case,

plaintiff's claim was premised upon the presence of gravel on the roadway. The court upheld the immunity afforded to the local government body in that proceeding on the ground that the existence of gravel on the roadway did not constitute, "a dangerous condition of streets." Although that decision predated the decisions of our Supreme Court referenced above, its rationale is still valid. Therefore, we conclude that the motion of the defendant township for summary judgment must be granted.

## ORDER

And now, December 10, 2001, the motion of additional defendant Jackson Township for summary judgment is granted. Jackson Township is dismissed as a party in this proceeding.