Patricia D. SIMKO, Executrix of the Estate of Rudolph J. Simko and Patricia D. Simko, individually and in her own right, Appellant

v.

COUNTY OF ALLEGHENY

Matthew A. Petrovich, Administrator of the Estate of Denise L. Golling and Matthew A. Petrovich, individually and in his own right, Appellant

v.

County of Allegheny and Francis G. Gill, Executor of the Estate of Edward J. Gill

Jeanne Costopoulos, Administratrix of the Estate of Margaret S. Williams, Appellant

v.

County of Allegheny

v.

Francis G. Gill, Executor of the Estate of Edward J. Gill.

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 2005.
Decided March 7, 2005.

Patrick A. Hewitt, Pittsburgh, for appellant, Patricia D. Simko.

David J. Foster, Lemoyne, for appellants, Matthew A. Petrovich and Jeanne Costopoulos.

Alan S. Miller, Pittsburgh, for appellee, County of Allegheny.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge SIMPSON.

The personal representatives (Representatives) of the estates of three pedestrians, Rudolph Simko, Denise Golling and Margaret Williams (pedestrians) appeal from an order of the Court of Common Pleas of Allegheny County (trial court). The trial court granted summary judgment to the County of Allegheny (County). It concluded Representatives' claims were barred by immunity. We agree, and we therefore affirm.

This matter arises from a tragic accident that occurred along Corrigan Drive (Drive) in South Park, which is owned by the County. While driving, Edward Gill (Gill) suffered the rupture of an abdominal aortic aneurysm, causing loss of consciousness. His car veered off the Drive, striking the pedestrians as they walked along a path in South Park. Gill, his wife and the pedestrians died.

The Representatives sued. They claimed the County's failure to place a guardrail between the Drive and the South Park pathway was negligent.

Considering the County's motion for summary judgment raising immunity, the trial court relied on two companion Pennsylvania Supreme Court cases, *Dean v. Com., Dep't of Transp.,* 561 Pa. 503, 751 A.2d 1130 (2000),[1] and *Lockwood v. City of*

---

1. In *Dean,* the passenger was in a vehicle that fishtailed on a snow-covered roadway, traveled off the road over a steep embankment, overturned and caused the passenger serious injuries. The Court decided the absence of the guard rail did not render the roadway unsafe for its intended purpose—travel on the road. The Court decided the legislature did

*Pittsburgh,* 561 Pa. 515, 751 A.2d 1136 (2000).[2] In those cases, the Court held the absence of a guardrail was not a dangerous condition of a roadway for which immunity was waived either for the Commonwealth or for the local government. *Dean,* 561 Pa. at 512, 751 A.2d at 1134–35; *Lockwood,* 561 Pa. at 521, 751 A.2d at 1139–40.

■ Before this Court,[3] Representatives urge us to adopt a narrow interpretation of *Dean* and *Lockwood.* They contend those cases apply only to claims that a roadway is unsafe for lack of a guardrail. Here, by contrast, other real estate is rendered unsafe by the failure to guard against vehicles leaving the roadway. In particular, the absence of guardrails rendered the County's pathway unsafe for the intended use of pedestrians.

We first consider which immunity provisions apply. In this regard, the Judicial Code distinguishes between Commonwealth parties and local agencies. Sovereign immunity applies to the former, while governmental immunity applies to the latter. Section 8501 of the Judicial Code, 42 Pa.C.S. § 8501, defines a "Commonwealth party" as "a Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment," and it defines a "local agency" as "a government unit other than the Commonwealth government." 42 Pa.C.S. § 8501.

■ In order to determine whether an entity is a Commonwealth or local agency, we look to the entity's enabling legislation. *Sweeney v. Merrymead Farm, Inc.,* 799 A.2d 972 (Pa.Cmwlth.2002); *Bucks County Cmty. Coll. v. Bucks County Bd. of Assessment Appeals,* 147 Pa. Cmwlth. 505, 608 A.2d 622 (1992). Counties are described in the Pennsylvania Constitution as municipalities, together with cities, boroughs, school districts and townships. Art. III, Section 20. County government is addressed in Article IX of the Constitution, which pertains to local government. *See* Art. IX, Section 4. In Article IX, Section 14, "Municipality" is defined as "a county, city, borough, incorporated town, township or any similar general purpose unit of government which shall hereafter be created by the General Assembly." As a result of the foregoing, we conclude a county is not a Commonwealth party protected by sovereign immunity, but rather is a local agency to which governmental immunity applies.

■ In order for liability to be imposed on a local agency, three conditions must be met. 42 Pa.C.S. § 8542(a). First, the damages must be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under 42 Pa.C.S. § 8541. Second, the injury must have been caused by the negligent acts of the local agency or an employee of

---

not intend to impose liability on the government whenever a victim alleged his or her injuries were avoidable if the government installed a guardrail along the side of the roadway. The real estate, highways and sidewalks exception to sovereign immunity was inapplicable. 42 Pa.C.S. § 8522(b)(4).

2. In *Lockwood,* an intoxicated motorist failed to properly negotiate a sharp curve; his vehicle went down an embankment and stuck a tree. The motorist died. The Court held the

City's failure to install a guardrail along the curve in the road was not an exception to governmental immunity under the streets exception found in the section of the Judicial Code known as the Political Subdivision Tort Claims Act (Act), 42 Pa.C.S. § 8542(b)(6).

3. This Court's scope of review of the proper interpretation of a statute, a question of law, is plenary. *Walker v. Eleby,* 577 Pa. 104, 842 A.2d 389 (2004).

the local agency acting within the scope of his or her office or duties. Finally, the negligent action must fall within one of the exceptions to governmental immunity set forth in 42 Pa.C.S. § 8542(b).[4] *Sweeney.* A plaintiff has the burden of demonstrating that all three conditions have been met. *Id.* Only the third condition is at issue here.

Representatives urge the conclusion that an exception to governmental immunity applies. However, *Dean* and *Lockwood* compel us to reject their argument. In *Dean* the Court stated:

We simply find the legislature did not intend to impose liability upon the government whenever a plaintiff alleged that his or her injuries could have been avoided or minimized had the government installed a guardrail alongside the roadway.

*Dean,* 561 Pa. at 510–511, 751 A.2d at 1134. The Court concluded a contrary holding could expose the Commonwealth to unlimited liability, a result clearly not intended by the legislature in enacting the immunity statute. *Id.* at 512, n. 9, 751 A.2d at 1134, n. 9.

■ We are mindful that exceptions to immunity are to be narrowly construed. *Kiley v. City of Philadelphia,* 537 Pa. 502,

645 A.2d 184 (1994). In *Dean,* 561 Pa. at 512, 751 A.2d at 1134–35, the Court noted the legislature can correct any misinterpretation of immunity statutes by amending the law so as to explicitly waive immunity for dangerous conditions of guardrails. *See also* 42 Pa.C.S. § 8542(b)(4) (waiver of governmental immunity regarding dangerous condition of trees, traffic controls, street lighting). The legislature has not done so.

Representatives' arguments would lead to the absurd result that when a vehicle leaves a roadway, some pedestrians injured thereby may claim a negligent failure to erect a guardrail, while others similarly injured may not. We do not believe that the location of the injured person controls whether immunity is waived. Rather, it is the nature of the governmental activity that controls whether immunity is waived. Erection of a guardrail, either to keep vehicles on the roadway to protect those using the roadway, or to keep vehicles on the roadway to protect those nearby, is not an activity for which immunity is waived.

We recently cited *Dean* for a similar proposition. *Svege v. Interstate Safety Service, Inc.,* 862 A.2d 752 (Pa.Cmwlth. 2004). In *Svege,* 862 A.2d at 754–55, a

---

4. 42 Pa.C.S. § 8542 is titled **Exceptions to governmental immunity.** Subsection (b) **Acts which may impose liability** lists actions by a local agency or any of its employees that may impose liability.

Subsection (6) *Streets* states in relevant part at (i):

[T]he claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

Subsection (7), *Sidewalks,* states in pertinent part:

—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. §§ 8542(b)(6)(i) and (7).

tractor trailer crushed a vehicle when it crashed through a concrete barrier on the Pennsylvania Turnpike. Citing *Dean,* the trial court concluded no viable exception to immunity was stated by the assertion that a larger barrier would have diminished the Sveges' injuries. 42 Pa. C.S. § 8522. We affirmed the trial court's decision. We reach an analogous decision here.

We also reject Representatives' additional argument that the County's liability may be premised on the duty to maintain an existing guardrail rather than on a duty to erect one in the first instance.[5] Even assuming there was a duty on the County, its governmental immunity is not waived.

Accordingly, we affirm the trial court's decision.[6]

### ORDER

AND NOW, this 7th day of March, 2005, the decision of the Court of Common Pleas of Allegheny County in the above-captioned matter is **AFFIRMED.**

---

**5.** A similar argument was rejected by our Supreme Court in *Gardner v. Consol. Rail Corp.,* 524 Pa. 445, 573 A.2d 1016 (1990). In that case the plaintiff contended that even if a city had no duty to erect a protective fence near railroad tracks, once it did so it had a duty to maintain the fence. The Court held that a government action cannot create a duty where one did not otherwise exist. *Id.* at 453–54, 573 A.2d at 1020.

Following similar reasoning, in the absence of a duty on the County to erect or maintain a guardrail along the Drive, its previous placement of a guardrail there does not by itself create liability.

**6.** Because of this ruling, it is unnecessary for us to address the Representatives' other arguments that: a) Gills' aortic aneurysm rupture was a superseding cause such as would relieve the County of liability, and, b) Corrigan Drive would qualify as "unimproved" land entitled to immunity under the so-called Recreational Use of Land and Water Act, Act of February 2, 1966, P.L. (1965) 1860, *as amended,* 68 P.S. §§ 477–1–477–8.