## Lambert v. Katz

C.P. of Berks County, no. 05-2599.

*Thomas R. Hurd* and *Christin E. Deacon,* for plantiffs.
*John W. Stahl,* for defendant.

SCHMEHL, J.L., *P.J.,* February 5, 2010—Dianna
Lambert, executrix of the estate of Edward A. Lambert,
and Mary Elizabeth Katz, executrix of the estate of Rob-
ert W. Wilsbach, Sr., plaintiffs/appellants in the above-
captioned case, appeal this court's November 30, 2009
order which granted summary judgment in favor of de-
fendant/appellee PennDOT, and against all other par-
ties.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The present action was commenced with this court
when it was transferred from the Court of Common Pleas
of Philadelphia County. The action stems from a car ac-
cident which occurred on January 18, 2004 on Route 73
in Ruscombmanor Township, Berks County, a highway
which was constructed in 1959. The accident resulted in
the deaths of three individuals riding in an SUV to-
gether, including both appellants' decedents. In their
complaints, appellants described the accident as having
occurred when the SUV left its travel lane, crossed over
the northern (right side) shoulder, knocked down and
went over an old post and cable guard fence, and struck
a tree.

In their respective complaints, the appellants alleged
virtually identical claims of negligence against appellee
PennDOT. Those allegations consisted chiefly of the
claims that damages sustained by the parties were a direct

and proximate cause of the negligence of defendant/appellee Pennsylvania and its various agents in: failing to replace outdated I-beam guard rails on Route 73 with updated W-beam rails, concrete barriers, or other appropriate guards; failing to properly inspect and maintain the guard cables on Route 73; and designing and maintaining Route 73 with a shoulder which was too narrow for a driver to recover from a skid or loss of control. Plaintiffs submitted an expert report which alleged that a different highway design would have allowed the vehicle occupants to regain control of the subject vehicle.

Early on in the litigation, in 2005, the action by Lambert against Katz was settled between the two parties, leaving their action against appellee PennDOT. This latter action continued, and on March 19, 2009, appellee PennDOT filed a motion for summary judgment against appellants.

In its motion for summary judgment, appellee asserted that there were no facts set forth in plaintffs' expert's report to support any discussion of speed or the driver's supposed ability to regain control if the shoulders were wider, and thus such discussion constituted impermissible speculation. Further, appellee asserted that it has no duty running to specific individuals to remove natural accumulations of snow and ice from highways in its jurisdiction. Appellee also stated that there are no regulations requiring the department of transportation to provide shoulders of any width along the subject highway. Appellee also claimed that it is clearly protected by sovereign immunity, and although nine narrow exceptions exist, plaintiffs did not meet the criteria to meet any

of those exceptions. Finally, appellee asserted that appellants had failed to produce facts essential to their cause of action which would require the issue to be submitted to a jury, and had failed to produce facts essential to proving that the accident was caused by a dangerous condition of the highway under the jurisdiction of appellee, thus entitling appellee to summary judgment.

After appellee's motion for summary judgment, the parties filed responsive pleadings. On December 1, 2009, following argument, this court ruled on the motion for summary judgment, and entered an order granting same in favor of defendant PennDOT and against all other parties.

Plaintiffs/appellants filed their notice of appeal to Superior Court on December 29, 2009, appealing this court's December 1, 2009 order. Plaintiffs/appellants filed their timely concise statement of matters complained of on appeal on January 20, 2010. The appeal was then transferred to Commonwealth Court by order of Superior Court on January 29, 2010, based on Commonwealth Court's exclusive jurisdiction of appeals involving tort claims against Commonwealth or local government defendants.

## II. DISCUSSION

In appellants' concise statement of matters complained of on appeal, filed on January 20, 2010, appellants raised the following three issues and subparts:

"(1) That the court erred in determining that no genuine issue as to any material fact existed and that the de-

fendant was entitled to summary judgment as a matter of law, where:

"(a) Plaintiffs have established a prima facie case of negligence against defendant;

"(b) Plaintiffs have shown that the cause of action falls within one of the exceptions to sovereign immunity set forth in 42 Pa.C.S. §8522(b);

"(c) Plaintiffs have proffered a report signed by an expert witness that complies with the rule governing the discovery of expert testimony through interrogatories (Pa.R.C.P. 4003.5(a)(1)) in support of its claim, and the report establishes a chain of causation demonstrating the dangerous conditions of this Commonwealth highway which caused the deaths of three people; and,

"(d) Defendant has made no effort to show, through his own expert report or other evidentiary record, that the defendant is entitled to summary judgment(.)

"(2) The cases relied upon by the defendant in its motion for summary judgment, including *Dean v. PennDOT,* 561 Pa. 503, 751 A.2d 1130 (2000), and its progeny, are not dispositive as to whether the court should grant the defendant's motion for summary judgment. While Pennsylvania appellate courts have held that the failure to install a guardrail is not actionable, they have not precluded claims such as plaintiffs', which allege a shoulder of insufficient width to meet PennDOT's internal standards and the failure to adequately inspect and maintain an existing guardrail.

"(3) PennDOT is not entitled to summary judgment where the initial determination of whether a 'dangerous

condition' was present, as that term is used in the 42 Pa.C.S. §8522(b), is a question of fact that must be determined by a jury. The court erred in granting summary judgment because the determination of whether the narrow shoulder and improperly inspected and maintained guardrail constituted a 'dangerous condition' under 42 Pa.C.S. §8522(b) lies appropriately within a jury's province."

This court addresses appellant's matters complained of on appeal collectively, below.

In reviewing a motion for summary judgment, "[t]he entry of summary judgment is proper whenever no genuine issue of any material fact exists as to a necessary element of the cause of action. . . . The moving party's right to summary judgment must be clear and free from doubt." *LJL Transportation Inc. v. Pilot Air Freight Corporation,* 599 Pa. 546, 559, 962 A.2d 639, 647 (2009). (internal citations omitted) A court reviews the record in the light most favorable to the non-moving party, and "all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. . . . Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered." *Pappas v. Asbel,* 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001). (internal citations omitted) This court applied the described standard of review when reviewing the case at hand, and found that there was no genuine issue of material fact, such that summary judgment in favor of the defendant was appropriate.

The Commonwealth of Pennsylvania is protected from civil suit under the doctrine of sovereign immunity, except in those instances where a waiver of immunity is specifically provided for. 1 Pa.C.S. §2310. Sovereign immunity is only waived for damages arising from a negligent act where the damages would be recoverable under the common law or statute if the injury were caused by a person not protected by sovereign immunity. 42 Pa.C.S. §8522(a). Such waivers only occur when the cause of action against the Commonwealth party could fall under one of nine specifically enumerated categories. 42 Pa.C.S. §8522(b). As such, sovereign immunity applies here to the department of transportation, an agency of the Commonwealth of Pennsylvania, and thus protects it from civil suit, except in the nine specifically enumerated and construed categories.

Appellant asserted, through pleadings and at argument, that 42 Pa.C.S. §8522(b)(4) provided appellant with a means to pursue the claim against appellee PennDOT. This section, Commonwealth real estate, highways and sidewalks, permits an exception where there is a claim for damages *caused by* an "(a) *dangerous condition* of Commonwealth agency real estate. . . ." *Id.* (emphasis added) However, as this court details below, this exception is inapplicable to the present action, and neither 42 Pa.C.S. §8522(b)(4), nor any of the other eight subsections which waive sovereign immunity, are effective here.

The appellate courts have previously ruled on cases with facts similar to those in the case at hand. In one prior case before the Pennsylvania Supreme Court, the

appellee was a vehicular passenger on a Pennsylvania roadway, in a vehicle that fishtailed on snow, left the highway, and went over the embankment. *Dean v. PennDOT,* 561 Pa. 503, 751 A.2d 1130 (2000). The accident resulted in serious bodily injuries to the appellee. *Id.* The trial court denied PennDOT's motion for summary judgment, holding that it was for the jury to decide whether the absence of a guardrail constituted a dangerous condition of Commonwealth realty. *Id.* The Supreme Court vacated the trial court order and granted summary judgment in favor of appellant PennDOT. *Id.* at 1135. The court reasoned that "the legislature did not intend to impose liability upon the government whenever a plaintiff alleged that his or her injuries could have been avoided or minimized had the government installed a guardrail alongside the roadway." *Id.* at 1134. Further, the court held that the exceptions to sovereign immunity should be narrowly construed, and that the General Assembly could correct any misinterpretation of the immunity provisions by amending the statute so as to explicitly waive immunity for dangerous conditions of guardrails, as with the exception that specifically relates to potholes. *Id.* at 1134.

In a subsequent case before the Commonwealth Court, which relied in part on the reasoning in *Dean,* the court again there held that PennDOT could not be held liable for injuries when incurred when a vehicle left the roadway. *Fagan v. PennDOT,* 946 A.2d 1123, 1124 (Pa. Commw. 2008). In *Fagan,* the undisputed facts showed that the fatal accident occurred when a vehicle traveling on a state highway left the roadway, "ramped" a turned-

down guardrail terminal, and became airborne, subsequently striking a utility pole and two trees. *Id.* The trial court there also granted summary judgment in favor of PennDOT, and plaintiffs appealed, arguing that the shoulder of the road and the guardrail constituted dangerous conditions. *Id.* at 1126. The Commonwealth Court there affirmed the lower court's ruling. The court clearly reasoned that, following precedent "where a guardrail existed, the failure to design it differently or the failure to maintain it were not dangerous conditions of roadways for which immunity was waived either for the Commonwealth or for local government." *Id.* At 1127, citing *Simko v. County of Allegheny,* 869 A.2d 571 (Pa. Commw. 2005), *appeal denied,* 587 Pa. 703, 897 A.2d 462 (2006). The court continued that *Dean* and its progeny had laid out a clear edict which the court then followed, stating, "we discern no error in the grant of summary judgment based on immunity from suit regarding the design and maintenance of the guardrail." *Id.*

Obviously, the state of the law remains that if PennDOT has no liability for not constructing a guard (guide) rail, then it is also not responsible for one negligently designed or in disrepair. Therefore, an appellant who leaves the roadway is then responsible for what occurs thereafter. Although the above cases and the present case arose from slightly different facts, by using reasoning similar to that in the *Dean* and *Fagan* cases, this court found that the facts in the present case did not rise to conduct actionable against PennDOT. Whether the guardrail at issue was part of the state-owned highway or not, the guardrail itself did not render the highway unsafe for purposes for

which it was intended, *i.e.,* travel on the roadway. As such, even though the appellant claimed that her injuries would have been minimized had appellee installed a new guardrail, this court found that this guardrail was not a "per se" dangerous condition of the roadway, or the real estate, which resulted in a reasonably foreseeable injury to appellant.

For the above-stated reasons, this court respectfully recommends that the instant appeal be denied.

The prothonotary shall forward the remainder of the file to the Commonwealth Court.