IN THE COMMONWEALTH COURT OF PENNSYLVANIA

N.N., Parent and Natural Guardian : 
of K.W., a minor : 
 : 
v. : No. 342 C.D. 2024
 : Submitted: October 9, 2025
The School District of Philadelphia, : 
Sandra Williamson and David Johnson, : 
Appellants : 


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE STACY WALLACE, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION
BY JUDGE WALLACE                          FILED:  December 26, 2025


The School District of Philadelphia, Sandra Williamson, and David Johnson (collectively, the District) appeal from the Court of Common Pleas of Philadelphia County's (trial court) order entered March 25, 2024 (Order), which denied the District's Motion for Summary Judgment (Motion). In its Motion, the District sought summary judgment on the basis that it had governmental immunity under the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa.C.S. §§ 8541-8542. The trial court denied the District's Motion based on the sexual abuse exception to immunity set forth in 42 Pa.C.S. § 8542(b)(9) (sexual abuse exception). After review, we affirm.

# BACKGROUND

In November 2021, N.N., as parent and natural guardian of K.W., a minor, filed a Complaint against the District and alleged the following. Reproduced Record (R.R.) at 33a-55a. K.W., a 14-year-old mentally disabled child, attended the Morton McMichael School in Philadelphia, Pennsylvania. *Id*. at 37a. As part of K.W.'s Individualized Education Plan (IEP), K.W. took "Special Transportation" provided by the District, which was intended to provide added safety and supervision for the students by, among other things, limiting the number of students on a given bus. *Id*. at 42a. K.W. rode the District's bus to and from school. *Id*. at 40a. David Johnson (Bus Driver) drove K.W.'s bus, and Sandra Williamson (Bus Attendant) was the bus attendant on K.W.'s bus. *Id*.

According to the Complaint, on March 10, 2020, K.W. rode the bus home from school seated with another minor male student. *Id*. at 43a. K.W. and the minor male student sat directly behind the Bus Attendant, and five rows away from the Bus Driver. *Id*. The Bus Attendant spent the bus ride on a personal telephone call on her cellular phone. *Id*. During this bus ride, the minor male student is alleged to have sexually assaulted K.W. for approximately 22 minutes, all of which was videorecorded. *Id*.

N.N. asserts that as a result of the District's negligence, K.W. suffered severe and permanent injuries, including, *inter alia*, physical injuries, emotional distress, anxiety, fear, psychological injuries, educational setbacks, and medical expenses. *Id*. at 45a-46a. Accordingly, N.N.'s Complaint alleged two counts of Negligence against the District, the Bus Driver, and the Bus Attendant. *Id*. at 47a-53a.

On December 4, 2023, the District filed its Motion asserting the Tort Claims Act precluded N.N. from recovering against the District for criminal acts committed

2

by a third party. Supplemental Reproduced Record (S.R.R.) at 5b-20b. The trial court entered its Order denying the District's Motion. In its Pa.R.A.P. 1925(a) Opinion, the trial court explained:

> [The trial court] finds that the language clearly states that governmental immunity is waived when there is an omission by the agents of the government. It is clear, based on the alleged facts, that during the twenty-two minute sexual assault, the assault happened directly behind the bus driver, who is an employee of [the District], and in the vicinity of a bus attendant, who is also an employee of [the District], who was on her cell phone during the incident. [N.N.] allege[s] because of the employees' failure to act, [K.W.] has suffered significant behavioral setbacks that include compulsive sexual behavior and inappropriate touching . . . . Thus, because the intent of the legislature was to protect children from abuse, the court found that governmental immunity was waived because [K.W.'s] injuries happened due to an omission of action by the agents of a local agency.

Trial Court's Opinion, 5/21/2024, at 12.

The District now appeals to this Court. On appeal, the District argues the trial court erred when it determined that "student-on-student sexual abuse abrogates immunity" under the sexual abuse exception to the Tort Claims Act where the Tort Claims Act expressly immunizes local agencies and their employees from liability for acts committed by third parties. District's Br. at 10. Additionally, the District asserts the trial court erred by denying the District's Motion "when it failed to determine that an act of criminal sexual abuse, as defined by [the sexual abuse exception], took place on the day of the incident." *Id*. In response, N.N. argues the trial court properly denied summary judgment based on governmental immunity where the sexual abuse exception allows sexual abuse victims to pursue negligence claims against a local agency arising from the actions or omissions of the local agency or its employee that caused the abuse, regardless of whether the assailant was a local agency employee. N.N.'s Br. at 2. Further, N.N. contends this Court should

3

decline to decide any factual dispute relating to the alleged sexual abuse where factual disputes are not appealable under the collateral order doctrine. *Id*.

## DISCUSSION

## Appealability of Trial Court's Order

Before we address the merits of the District's appeal, we must first address whether this Court can properly exercise collateral order jurisdiction over this case. Generally, "an appellate court's jurisdiction extends only to review of final orders." *Shearer v. Hafer*, 177 A.3d 850, 855 (Pa. 2018); *see also* Pa.R.A.P. 341(a) ("[A]n appeal may be taken as of right from any final order of a . . . trial court."). A final order is an order that "disposes of all claims and of all parties" or "is entered as a final order" pursuant to a determination of finality by a trial court or other government unit. Pa.R.A.P. 341(b)(1), (3). As an exception to this general rule, the collateral order doctrine, codified in Pennsylvania Rule of Appellate Procedure 313 (Rule 313), "permit[s] immediate appellate review of certain [non-final] collateral orders." *Shearer*, 177 A.3d at 855. Under Rule 313, an "appeal may be taken as of right from a collateral order of a trial court or other government unit." Pa.R.A.P. 313(a). A collateral order is "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). Consistent with that language, the three-prong Rule 313 test is as follows:

> [A]n order is considered final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.

4

*Brooks v. Ewing Cole, Inc.*, 259 A.3d 359, 370 (Pa. 2021).

In *Brooks*, the Pennsylvania Supreme Court addressed whether this Court erred by quashing a notice of appeal from the denial of summary judgment on sovereign immunity grounds. In that case, Wanda Brooks (Brooks) alleged she sustained an injury after she walked into an unmarked glass wall while attempting to exit a family court building in Philadelphia, Pennsylvania. *Id*. at 361. Brooks filed an action with claims for negligence against the architect of the building, the City of Philadelphia, and the family court. *Id*. The family court asserted in a new matter that the Sovereign Immunity Act, 42 Pa.C.S. §§ 8521-8527, barred the negligence action against it and moved for summary judgment. *Id*. In response, Brooks asserted the family court was "an entity of the Commonwealth of Pennsylvania . . . and [was] subject to liability under the real estate exception to sovereign immunity, [42] Pa.C.S.[] § 8522(b)." *Id*. The trial court denied the family court's motion for summary judgment, and the family court appealed to this Court under Rule 313. *Id*. at 362. This Court quashed the appeal on the basis that it did not meet all three elements under Rule 313. Specifically, this Court held the family court failed to prove the third prong because its sovereign immunity test would not be irreparably lost if review was postponed until final judgment. *Id*. at 364. The Supreme Court granted review to determine whether an order denying summary judgment based on sovereign immunity was a collateral order appealable as-of-right under Rule 313. *Id*. at 365.

Considering the first prong, whether the order was separable, the Court concluded the sovereign immunity issue was a purely legal question that did not require any analysis of the underlying negligence claim. *Id*. at 371-72. Under the second prong, regarding the importance of the sovereign immunity issue, the Court

5

"examined the importance of the right involved by weighing the interests that immediate appellate review would protect against the final judgment rule's interests in efficiency through avoiding piecemeal litigation." *Id*. at 372 (citation omitted). The Court concluded the family court's sovereign immunity defense to be "too important" to evade immediate review because it was deeply rooted in public policy secured by the constitution and statutes under Pa. Const. art. I, § 11, and 1 Pa.C.S. § 2310. *Id*. Additionally, the Court noted the family court's immunity defense had implications for each of the three branches of government. *Id*. Finally, regarding the third prong, whether the family court's sovereign immunity defense would be irreparably lost if the case continued to final judgment, the Court concluded "sovereign immunity protects government entities from a lawsuit itself . . . [; therefore,] a sovereign immunity defense is irreparably lost if appellate review of an adverse decision on sovereign immunity is postponed until after final judgment." *Id*. at 373. The Court noted that sovereign immunity is not only a "shield against damages," but is also a "protection from suit." *Id*. at 375.

In *West on behalf of S.W. v. Pittsburgh Public Schools*, 327 A.3d 340, 343 n.6 (Pa. Cmwlth. 2024), this Court addressed whether a trial court's order overruling a school district's preliminary objection concluding it was not entitled to governmental immunity under the Tort Claims Act was immediately appealable as a collateral order. Citing *Brooks*, this Court noted "adverse orders on the issue of governmental immunity are immediately reviewable as collateral orders because the entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id*. Although we acknowledge *Brooks* differs from the case before us in that

*Brooks* involved sovereign immunity and the case here involves governmental immunity, we nevertheless find *Brooks* instructive.

Applying Rule 313 here, under the first prong, like in *Brooks*, the issues before this Court are separable and distinct from the underlying negligence action against the District. Whether the District is immune from suit under the Tort Claims Act is a wholly independent question from whether the District was negligent, and addressing the District's immunity does not require an analysis of the underlying negligence claim. Thus, the issues are separable and distinct.

Under the second Rule 313 prong, consistent with the reasoning set forth in *Brooks*, the right to governmental immunity is too important to evade review before final judgment. *Id.* at 372. The Tort Claims Act legislatively "raises the shield of governmental immunity" against any damages on account of an injury caused by a local agency. *Lockwood v. City of Pittsburgh*, 751 A.2d 1136, 1139 (Pa. 2000). Indeed, the clear intent of the legislature is to insulate local agencies from exposure to tort liability. *Id*. Moreover, the implications of the District's ability to invoke governmental immunity are wide-ranging, extending beyond this particular case. *See Brooks*, 259 A.3d at 373. Just as in *Brooks*, here, the resolution of the scope of the District's immunity also has implications for other individuals' ability to sue by invoking an exception to governmental immunity under the Tort Claims Act. These implications outweigh the final judgment rule's efficiency interests and, therefore, we conclude the second Rule 313 prong is met.

Finally, under the third prong, *Brooks* instructs, regarding sovereign immunity, "the protections of immunity are irreparably lost when a party goes to trial." *Id*. at 373. As noted in *Brooks*, immunity provides protection not just from damages but also from the lawsuit itself. *Id*. at 375. Although *Brooks* addresses

7

sovereign immunity, which expressly provides the Commonwealth and its officials and employees with immunity "from suit," 1 Pa.C.S. § 2310, and the Tort Claims Act specifies that it immunizes local agencies from "damages on account of any injury," 42 Pa.C.S. § 8541, as this Court noted in *West*, the entitlement to immunity "is an immunity from suit rather than a mere defense to liability." *West*, 327 A.3d at 343 n.6. Just as "subjecting a governmental entity, which claims it is immune to the legal process undermines the purposes of sovereign immunity," *Brooks*, 259 A.3d at 373, so does subjecting a local agency to engage in the legal process in a claim for damages undermine the purpose of its governmental immunity. As the Supreme Court noted in *Brooks*, "forcing governmental entities to litigate claims from which they may be immune has a chilling effect on government policymaking." *Id*. Therefore, we conclude, consistent with this Court's decision in *West*, the District's governmental immunity defense would be irreparably lost if the case went to final judgment. Because all three prongs under Rule 313 are satisfied, we conclude this matter involves a collateral order appealable as of right. Accordingly, we will address the merits of the District's appeal.

## Tort Claims Act

We review the trial court's Order denying the District's Motion for an error of law or abuse of discretion. *Balentine v. Chester Water Auth.*, 191 A.3d 799, 803 n.3 (Pa. 2018) (citation omitted). In reviewing a trial court's decision regarding a request for summary judgment, we note summary judgment is appropriate "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Sellers v. Twp. of Abington*, 106 A.3d 679, 684 (Pa. 2014) (quoting *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010)). Whether genuine issues of

8

material fact exist is a question of law, and "therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower [court]." *Weaver v. Lancaster Newspapers, Inc.*, 926 A.2d 899, 902-03 (Pa. 2007) (citations omitted). We review the record, including "all pleadings, as well as any depositions, answers to interrogatories, admissions, affidavits, and expert reports, in a light most favorable to the non-moving party, and we resolve all doubts as to the existence of a genuine issue of material fact against the moving party." *Moon v. Dauphin Cnty.*, 129 A.3d 16, 19 (Pa. Cmwlth. 2015) (quoting *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 647 (Pa. 2009)).

The Tort Claims Act sets forth the general rule regarding governmental immunity, stating: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person . . . caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. Thus, governmental immunity is the rule, except where the Legislature has expressly provided otherwise. The Tort Claims Act further delineates the exceptions to this general rule, namely:

> A local agency shall be liable for damages on account of an injury to a person . . . within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
>
> (1) The damages would be recoverable under common law or a statute creating a cause of action . . . ; and
>
> (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

9

42 Pa.C.S. § 8542(a). Of relevance to this appeal, in 2019, our Legislature enacted Section 8542(b)(9) of the Judicial Code. This section provides "the following acts by a local agency or any of its employees may result in the imposition of liability" on the local agency:

> Sexual abuse.--Conduct which constitutes an offense enumerated under [S]ection 5551(7) [of the Judicial Code] (relating to no limitation applicable) if the injuries to the plaintiff were caused by actions or omissions of the local agency which constitute negligence.

42 Pa.C.S. § 8542(b)(9). Turning to Section 5551(7) of the Judicial Code, this section provides, in relevant part:

> [A]ny offense under any of the following provisions of 18 Pa.C.S. (relating to crimes and offenses) . . . if the victim was under 18 years of age at the time of the offense:
> . . . .
>
> Section 3121 (relating to rape).
> Section 3122.1 (relating to statutory sexual assault).
> Section 3123 (relating to involuntary deviate sexual intercourse).
> Section 3124.1 (relating to sexual assault).
> Section 3124.2 (relating to institutional sexual assault).
> Section 3125 (relating to aggravated indecent assault).

42 Pa.C.S. § 5551(7).

While this case was pending on appeal, an *en banc* panel of this Court decided *L.F.V. v. South Philadelphia High School*, 340 A.3d 395, (Pa. Cmwlth. 2025), *petition for allowance of appeal pending*, (Pa., No. 243 EAL 2025, filed July 9, 2025). In *L.F.V.*, during a physical education class, two minor male students sexually assaulted a minor female student behind the gymnasium bleachers. *Id.* at 398. The school district's employees supervising the class did not witness the assault. *Id.* The student sued the school district alleging the district owed a duty to

10

protect her while she was at school and breached that duty by, *inter alia*, failing to monitor all three minors and the gym, hallway, and bathroom, and failing to supervise the employees overseeing the class. *Id*. The school district filed preliminary objections asserting it was immune under the Act, and, specifically, asserting the student failed to allege a school district employee sexually assaulted her. *Id*. The trial court overruled the school district's preliminary objections, and the school district appealed to this Court. *Id*. at 399.

On appeal to this Court, the school district, relying on Section 8541, 42 Pa.C.S. § 8541, argued it was immune from liability under the Tort Claims Act because a third party, and not the school district or its employees, is alleged to have committed the sexual abuse. *Id*. at 401. The school district contended its immunity could only be abrogated if a school district employee committed the abuse. *Id*. In response, the student maintained the school district's liability arose from its negligence in enabling the sexual abuse to occur, rather than the sexual abuse itself. *Id*. at 405. Agreeing with the student, this Court noted the intent of the legislation was to hold municipalities, like the school district, "accountable for negligently *enabling* sexual abuse." *Id*. at 411 (emphasis in original). Accordingly, this Court rejected the school district's arguments and affirmed the trial court's order that overruled the school district's preliminary objections. *Id*.

Here, the District argues the trial court erred by concluding "student-on-student sexual abuse" abrogates its immunity under the sexual abuse exception to the Torts Claim Act where the Tort Claims Act expressly immunizes local agencies, like the District, and their employees, from liability for acts committed by third parties. Given our holding in *L.F.V.*, we cannot agree. In *L.F.V.*, we held the sexual abuse exception to the general rule of governmental immunity under the Tort Claims

11

Act applies where a local agency is accused of negligently enabling sexual abuse. In other words, for the sexual abuse exception to apply, there need not be an allegation that the local agency or one of its employees committed one of the enumerated acts. Rather, the sexual abuse exception applies if there is an allegation that the local agency negligently enabled the sexual abuse to occur. Accordingly, we discern no abuse of discretion or legal error in the trial court's Order denying the District's Motion for Summary Judgment.[1]

## CONCLUSION

The trial court properly concluded the sexual abuse exception to the Tort Claims Act is applicable where a local agency is accused of negligently enabling sexual abuse, and, therefore, it properly denied the District's Motion for Summary Judgment. Accordingly, we affirm the trial court's Order.

_____
STACY WALLACE, Judge

---

[1] In its Brief, the District makes the alternative argument the minor male student did not "penetrate" K.W. as required to satisfy the elements of the relevant enumerated offenses under the sexual abuse exception and, therefore, the District is entitled to summary judgment. *See* District's Br. at 52-55. However, the record reveals the parties dispute this fact and, accordingly, there is a genuine issue of material fact, and the District is not entitled to judgment as a matter of law. *See Sellers*, 106 A.3d at 684.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

N.N., Parent and Natural Guardian : 
of K.W., a minor :
:
v. : No. 342 C.D. 2024
:
The School District of Philadelphia, :
Sandra Williamson and David Johnson, :
Appellants :

# **O R D E R**

**AND NOW**, this 26th day of December 2025, the Court of Common Pleas of Philadelphia County's order entered March 25, 2024, is **AFFIRMED**.

_____
STACY WALLACE, Judge