**Carol J. RODRIGUEZ, Administratrix of the Estate of Aurelio Rodriguez, Deceased, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION**

v.

**Mary Rynier, Administratrix of the Estate of Scott J. Shoffstall, Deceased.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 10, 2012.

Decided Jan. 9, 2013.

---

Richard C. Low, Lancaster, for appellant.

Calvin R. Koons, Harrisburg, for appellee.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and BROBSON, Judge.

OPINION BY Judge LEAVITT.

Carol J. Rodriguez, on behalf of the Estate of Aurelio Rodriguez (Decedent), appeals an order of the Court of Common Pleas of York County (trial court) granting the motion for summary judgment filed by the Pennsylvania Department of Transportation (PennDOT), defendant in Rodriguez's negligence and wrongful death actions. The trial court concluded that PennDOT could not be held liable for fatal injuries sustained by Decedent when the car he was operating on a highway was struck by an oncoming car that had left its lane of travel and traveled through the grass median strip. In this case, we consider whether sovereign immunity has been waived for a claim where it is alleged that PennDOT's failure to erect a median barrier has caused bodily injury. We affirm the trial court's holding that an exception from sovereign immunity has not been established for such a claim.

The accident occurred on U.S. Route 30, in Hellam Township, York County, near the bridge over the Susquehanna River that separates Lancaster and York Counties. At that location, Route 30 has two lanes for eastbound travel and two lanes for westbound travel. The highway is straight and the lanes are separated by a

flat grass median strip approximately 30 feet wide at the accident site.

On August 12, 2001, at approximately 1:50 a.m., Decedent was driving westbound on Route 30 in an Eagle Talon, with two passengers. At the same time, Scott Shoffstall was driving a Hyundai Accent eastbound on Route 30, with one passenger. As Shoffstall approached the bridge, he lost control of his vehicle for unknown reasons, left the roadway, traveled through the grass median and struck Decedent's vehicle head-on in the right-hand westbound lane. Decedent and one of his passengers, as well as Shoffstall and his passenger were all pronounced dead at the scene. The other passenger in Decedent's vehicle was seriously injured but survived.

Carol Rodriguez, Decedent's widow and estate administratrix, filed a negligence and wrongful death action against Penn-DOT. Her complaint alleged that Penn-DOT knew or should have known that vehicles at the accident site can cross the grass median strip and enter oncoming lanes, which created an unreasonably dangerous condition. Her complaint further alleged that PennDOT was solely responsible for Decedent's death because Penn-DOT was negligent in failing to prevent crossover accidents with a median barrier between the eastbound and westbound lanes of traffic. Complaint ¶ 7; Reproduced Record at 43a.[1]

PennDOT filed an answer and new matter admitting that it was responsible for maintaining Route 30, but denying that it was negligent in any way. PennDOT asserted the defense of sovereign immunity.

The parties engaged in lengthy discovery. Rodriguez secured an expert report from forensic engineering consultant Kevin E. O'Connor, P.E., dated December 2, 2009. O'Connor studied PennDOT's manuals and found that by PennDOT's own standards, which take into account the size of the median strip and the daily volume of traffic in the area, a median barrier should have been placed at the accident site as of 1993. Based on accident reconstruction data, O'Connor estimated that the Shoffstall vehicle was traveling 80 miles per hour at the time of the accident. O'Connor opined that had a median barrier been in place at the accident site, the collision with Decedent's vehicle would not have occurred because the barrier would have prevented the Shoffstall vehicle from entering the westbound lanes.

PennDOT moved for summary judgment, asserting that it is immune from a claim based on a failure to install a median barrier. The trial court granted summary judgment in PennDOT's favor. Relying on *Dean v. Department of Transportation*, 561 Pa. 503, 751 A.2d 1130 (2000), and its progeny, the trial court concluded that PennDOT is immune from suit because the real estate exception to sovereign immunity does not apply and PennDOT had no duty to build a median barrier. The present appeal followed.[2]

---

1. Rodriguez also alleged that PennDOT was negligent in failing to construct a wider median strip and failing to warn motorists of the danger posed by the lack of a proper and sufficient median barrier. However, on appeal Rodriguez limits the issue to the lack of a median barrier.

2. This Court's standard of review of a grant of summary judgment is limited to determining whether the trial court committed an error of

law or abused its discretion. *Cochrane v. Kopko*, 975 A.2d 1203, 1205 (Pa.Cmwlth. 2009). Our scope of review is plenary and we apply the same standard for summary judgment as the trial court. *Id.* A grant of summary judgment is only appropriate where the record clearly shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Farabaugh v. Pennsylvania Turnpike*

Rodriguez raises one issue for our review. Rodriguez argues that the trial court erred in granting summary judgment in PennDOT's favor when Rodriguez's claim that PennDOT was negligent in failing to install a median barrier does, in fact, fall within the real estate exception to sovereign immunity.

Pursuant to what is commonly known as the Sovereign Immunity Act, Commonwealth agencies are generally immune from liability for a negligent act unless: (1) the alleged negligent act falls within one of the nine exceptions to sovereign immunity; and (2) damages would be recoverable under the common law or a statute if the injury were caused by a person not having available the defense of sovereign immunity. 42 Pa.C.S. § 8522(a). In order for a Commonwealth party to be held liable, the plaintiff must establish that the cause of action falls under one of the specifically enumerated exceptions to immunity. *Fagan v. Department of Transportation*, 946 A.2d 1123, 1126 (Pa.Cmwlth. 2008). Immunity is specifically waived "for damages caused by . . . [a] dangerous condition of Commonwealth agency real estate and sidewalks . . . and highways under the jurisdiction of a Commonwealth agency." 42 Pa.C.S. § 8522(b)(4).[3]

The seminal case dealing with sovereign immunity and highways is *Dean*, 561 Pa. 503, 751 A.2d 1130. In that case, the plaintiff was injured when the truck in which the plaintiff was a passenger left the road and went down a steep embankment. The plaintiff brought a negligence action against PennDOT for failing to place a guardrail at the accident site. Our Supreme Court held that failing to erect a guardrail is not encompassed by the real estate exception to sovereign immunity because

> the absence of a guardrail cannot be said to be a dangerous condition of the real estate that resulted in a reasonably foreseeable injury to [Dean]. Stated differently, the *lack of a guardrail does not render the highway unsafe for the purposes for which it was intended, i.e., travel on the roadway.*

*Id.* at 511, 751 A.2d at 1134 (emphasis added).

Following *Dean*, this Court has held that not only is the Commonwealth immune from suit for failure to erect a guardrail, it is also immune from suit regarding the design and maintenance of an existing guardrail. *See Simko v. County of Allegheny*, 869 A.2d 571 (Pa.Cmwlth. 2005) (even if Commonwealth or local government installs a guardrail, there is no duty to maintain it); *Fagan*, 946 A.2d 1123 (Commonwealth immune from suit where existing guardrail was allegedly negligently designed, causing a vehicle that struck it

---

Commission, 590 Pa. 46, 52, 911 A.2d 1264, 1267 (2006).

3. Specifically, Section 8522(b)(4) provides, in relevant part, as follows:

(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and *the defense of sovereign immunity shall not be raised to claims for damages caused by:*

\* \* \*

(4) Commonwealth real estate, highways, and sidewalks.—*A dangerous condition of* Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and *highways under the jurisdiction of a Commonwealth agency* . . . . 42 Pa.C.S. § 8522(b)(4) (emphasis added).

to become airborne and flip over resulting in fatal injuries); *Stein v. Pennsylvania Turnpike Commission,* 989 A.2d 80 (Pa. Cmwlth.2010), *petition for allowance of appeal denied,* 610 Pa. 613, 20 A.3d 1214 (2011) (Commonwealth immune from suit where existing guardrail was allegedly negligently designed and installed, piercing a vehicle that struck it and causing a fatal injury). Neither the absence of a guardrail nor the presence of a guardrail that might be poorly designed or improperly maintained renders the highway unsafe for its intended purpose.

Rodriguez concedes that under current law PennDOT is immune from liability for lack of a guardrail or a negligently designed guardrail. However, Rodriguez argues that a median barrier is different from a guardrail at the side of the road. Rodriguez points out that in the above-reviewed guardrail cases the motorists left the highway; here, neither Shoffstall nor Decedent ever left the highway. Shoffstall simply crossed from one side of Route 30 to the other, unimpeded because there was no median barrier. Rodriguez argues that PennDOT is not immune from suit because median barriers are part of a single highway and their absence renders the highway unsafe for its intended use, *i.e.,* travel on the highway.

This Court addressed the issue of sovereign immunity and highway median barriers in *Svege v. Interstate Safety Service, Inc.,* 862 A.2d 752 (Pa.Cmwlth.2004). Several members of the Svege family were killed and others were seriously injured when a tractor trailer crashed through a 32–inch high concrete median barrier on the Pennsylvania Turnpike, crushing the family's vehicle. A suit was filed against the Pennsylvania Turnpike Commission al-

leging that the Commission was negligent in failing to install a higher and stronger barrier. This Court affirmed the trial court's grant of summary judgment in the Commission's favor. Relying on *Dean,* we reasoned that because the Commonwealth is immune from suit where it has completely failed to erect a highway barrier, it follows that the Commonwealth is immune where it has erected a median barrier, even if a different barrier would have been better. We held that the type of median barrier used by the Commission did not render the highway unsafe for its intended purpose of travel thereon and, therefore, did not fall under the real estate exception to sovereign immunity.

Rodriguez acknowledges *Svege* but argues that it is not controlling. In *Svege,* this Court affirmed on the basis of the trial court's opinion, and Rodriguez asserts that the trial court granted summary judgment because the plaintiff failed to prove a causal relationship between the type of median barrier and the injuries sustained by the Svege family. Stated otherwise, the trial court's analysis of sovereign immunity was merely *dicta.*

PennDOT counters that the holding in *Svege* was not limited to application of common law principles on causation. In any case, subsequent case law has followed *Svege, i.e., Quinones v. Department of Transportation,* 45 A.3d 467 (Pa.Cmwlth. 2012). PennDOT argues that *Svege* and *Quinones* establish that PennDOT has no duty to erect median barriers so as to prevent crossover accidents.[4] We agree.

First, Rodriguez is incorrect that *Svege*'s sovereign immunity analysis amounted to *dicta.* The plaintiff had sued the Turnpike Commission and several oth-

---

4. Rodriguez filed her brief with this Court on the same day this Court filed the *Quinones*  decision.

er defendants, including the contractor that installed the median barrier. The trial court granted summary judgment in favor of the Turnpike Commission on the basis of sovereign immunity and in favor of the contractor on the basis of the government contractor defense. The trial court also concluded that the case against all defendants failed because the plaintiff did not show a causal relationship between any defects in the median barrier and the accident. The plaintiff appealed, *inter alia*, the sovereign immunity determination, and this court affirmed the trial court. Our holding that the Turnpike Commission could not be held liable for the type of median barrier it opted to install was integral to the case and, thus, was not *dicta*. If anything, the discussion of causation was *dicta* with regard to the Turnpike Commission.

Second, *Quinones* is directly on point. In *Quinones*, an individual driving northbound on State Route 33 lost control of his vehicle, crossed the grass median and struck Quinones' southbound vehicle, seriously injuring her. Quinones brought a negligence action against PennDOT citing the narrow median and lack of a barrier to prevent crossover accidents. This Court affirmed the trial court's grant of summary judgment in PennDOT's favor because Quinones' negligence claim was barred by sovereign immunity. Relying on, *inter alia, Dean* and *Svege*, we held that PennDOT had no duty to install a median barrier because the "lack of [a median] barrier did not 'render the highway unsafe for the purposes for which it was intended, *i.e.*, travel on the roadway.'" *Quinones*, 45 A.3d at 472 (quoting *Dean*, 561 Pa. at 511, 751 A.2d at 1134). We held that "the median is not intended for vehicular travel" and, therefore, PennDOT "owed no duty to design, construct and maintain the median to deter crossovers." *Quinones*, 45 A.3d at 472.

■ *Svege* and *Quinones* are dispositive of this appeal. PennDOT is immune from suit because the purpose of a highway is "travel on the roadway" and the lack of a median barrier does not render the highway unsafe for that purpose. This Court has specifically held that PennDOT has no duty to install a median barrier or to maintain a median in a way that will prevent crossover accidents. The median is not meant for vehicular travel. The trial court properly granted PennDOT's motion for summary judgment because Rodriguez's claim does not fall within the real estate exception to sovereign immunity.

Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, this 9th day of January, 2013, the order of the Court of Common Pleas of York County in the above-captioned case, filed January 30, 2012, is hereby AFFIRMED.