# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joisse A. Cagey and Dale J. Cagey,    :
                       Appellants    :
   :
           v.                  :   No. 2650 C.D. 2015
   :   Submitted: May 20, 2016
Commonwealth of Pennsylvania,    :
Department of Transportation,    :
a Commonwealth Agency    :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**               **FILED: July 28, 2016**

Joisse A. Cagey and Dale J. Cagey (Appellants) appeal from a final order of the Court of Common Pleas of Beaver County (trial court). The trial court granted Appellee Department of Transportation's (DOT) Motion for Judgment on the Pleadings on sovereign immunity grounds. For the reasons discussed below, we affirm.

The factual background of the case is set forth in Appellants' complaint as follows. Appellants were travelling southbound on State Route 551 when they encountered snow and icy patches on the roadway. Due to the icy road, the vehicle spun out of control and left the westerly side of the roadway. The vehicle impacted a guardrail adjacent to the road which penetrated the side of the car, resulting in substantial injuries to Appellants. Appellants alleged that the injuries resulted from (1) DOT's negligent installation of the guardrail within an

area that should have been transversable, (2) DOT's negligent installation of a "boxing glove" type guardrail,[1] and (3) DOT's failure to correct the uncrashworthy blunt end of the guardrail.[2]

DOT filed an answer and new matter on July 9, 2015, raising the defense of sovereign immunity. On September 8, 2015, DOT filed a motion for judgment on the pleadings, averring that Section 8522 of the Judicial Code, 42 Pa. C.S. § 8522, which is often referred to as the Sovereign Immunity Act, bars Appellants' causes of action because they do not fall within any enumerated exceptions to the Commonwealth's sovereign immunity set forth in that section. In their reply, Appellants conceded that the trial court was bound by this Court's precedent to grant DOT's motion for judgment on the pleadings. Appellants do not contend on appeal that the trial court judge erred in granting DOT's motion for judgment on the pleadings, nor do Appellants point to a factual distinction between the instant case and our prior holdings. Instead, Appellants argue that this Court's prior decisions have improperly expanded our Supreme Court's holding in *Dean v. Department of Transportation,* 751 A.2d 1130 (Pa. 2000), to eliminate the Commonwealth's waiver of sovereign immunity for a dangerous condition of the travelled portion of a roadway.

Appellants' argument relates to our prior interpretations of Section 8522(b)(4) of the Sovereign Immunity Act, commonly referred to as the real estate exception to sovereign immunity, which provides in pertinent part:

---

[1] A "boxing glove" type guardrail is capped by a U-shaped piece of metal.

[2] Appellants also averred that DOT improperly maintained the shoulders and roadsides of State Route 551, resulting in the accumulation of water and ice, thereby causing Appellants' injuries. Appellants, however, do not pursue this argument on appeal.

**(b) Acts which may impose liability**.--The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

…

> **(4) Commonwealth real estate, highways and sidewalks.**--A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except [a dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements].

As noted by Appellants, this Court has repeatedly ruled on whether the real estate exception to the Sovereign Immunity Act applies to the maintenance and design of guardrails placed alongside Pennsylvania highways. In *Dean*, our Supreme Court held that a failure to erect a guardrail does not constitute a dangerous condition of Commonwealth realty and, thus, does not fall under the real estate exception to the Sovereign Immunity Act. *Dean,* 751 A.2d at 1131. The Supreme Court in *Dean* reasoned that the absence of a guardrail was not a dangerous condition of Commonwealth realty because it did not "render the highway unsafe for the purposes for which it was intended, *i.e.*, travel on the roadway." *Id.* at 1134. In *Fagan v. Department of Transportation,* 946 A.2d 1123 (Pa. Cmwlth. 2008), the appellants urged this Court to construe the Supreme Court's holding in *Dean* narrowly and to hold that, where a guardrail exists, the

Commonwealth is not immune from suits alleging that the guardrails were negligently designed or maintained.[3] The appellants in *Fagan* argued that the purpose of guardrails is to be impacted by errant vehicles, and, thus, a guardrail unsuited for that purpose is unsafe for the purpose for which it was intended. *Fagan,* 946 A.2d at 1126. In *Fagan*, we declined to so-narrowly construe the Supreme Court's holding, and, in subsequent decisions, this Court has inveterately held that the real estate exception to sovereign immunity does not extend to maintenance and design of guardrails. *See, e.g., Lambert v. Katz*, 8 A.3d 409 (Pa. Cmwlth. 2010); *Stein v. Pa. Tpk. Comm'n,* 989 A.2d 80 (Pa. Cmwlth. 2010); *see also Svege v. Interstate Safety Serv., Inc.*, 862 A.2d 752 (Pa. Cmwlth. 2004) (considering application of real estate exception to sovereign immunity to concrete barriers along state highways).

In support of their argument, Appellants suggest that this Court's interpretation of the real estate exception is contrary to the common law duty of a possessor of land.[4] *See Palange v. City of Philadelphia*, 640 A.2d 1305 (Pa. Super. 1994), *appeal denied sub nom. Palange v. Priori's Bar and Rest.*, 666 A.2d

---

[3] Appellants specifically request that this Court overrule its holding in *Fagan*, an *en banc* decision of this Court. Pursuant to Pennsylvania Rule of Appellate Procedure 3103 (b), an *en banc* decision of this Court is binding on any subsequent panel. Pa. R.A.P. 3103 (b).

[4] A possessor of land held open to the public is subject to liability only if he or she,

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

*Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983); RESTATEMENT (SECOND) OF TORTS, § 343.

1057 (Pa. 1995). Where a Commonwealth agency enjoys immunity from tort liability, it is irrelevant that a private person would be liable for a similar act. *Page v. City of Philadelphia,* 25 A.3d 471, 476 (Pa. Cmwlth. 2011). The very purpose of sovereign immunity is that it precludes a litigant from asserting a claim against a Commonwealth agency that might otherwise be meritorious if asserted against a private party. *State Workmen's Ins. Fund, Cmwlth. Dep't of Labor and Indus. v. Caparo Real Estate, Inc.,* 635 A.2d 705, 707 (Pa. Cmwlth. 1993). Further, the Supreme Court has instructed "[b]ecause of the clear intent to insulate government from exposure to tort liability, the exceptions to immunity are to be strictly construed." *Dean*, 751 A.2d at 1132. Accordingly, we must interpret any exceptions to sovereign immunity narrowly, to the exclusion of new causes of action, rather than broadly as Appellants suggest.

Additionally, Appellants urge that the real estate exception is unambiguous and that a plain reading of that statute requires this Court to consider guardrails as a "dangerous condition . . . of highways under the jurisdiction of a Commonwealth agency." *See* 42 Pa. C.S. § 8522(b)(4). The Supreme Court, however, has interpreted the language of Section 8522(b)(4) of the Sovereign Immunity Act to include only the traversable portion of the roadway itself rather than conditions ancillary to travel on the highway. *Dean*, 751 A.2d at 1134 ("Similar to the absence of lighting and the deceptive appearance of the shoulder of the road . . . , the absence of a guardrail cannot be said to be a dangerous condition of the real estate that resulted in a reasonably foreseeable injury to Appellee."). For example, if the paved portion of the road were negligently constructed, the real estate exception may apply. *See Smith v. Dep't of Transp.*, 700 A.2d 587, 591 (Pa. Cmwlth. 1997). As we have previously noted,

5

> the General Assembly can correct any misinterpretation of the immunity provisions by amending the statute so as to explicitly waive immunity for dangerous conditions of guardrails. . . . Absent such legislative directive, however, we conclude that the real estate exception does not apply to the failure to install a guardrail. To date, however, the General Assembly has not responded to the invitation to "correct" the Supreme Court's construction of the real estate exception to sovereign immunity as it relates to guardrails.

*Stein,* 989 A.2d at 85 (internal citations omitted). Rather than being an unwarranted expansion of the holding in *Dean*, *Fagan* and its progeny represent a logical and reasonable application of principles set forth by our Supreme Court, which have gone uncontradicted by our legislature.

For the reasons discussed above, we affirm the order of the trial court.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joisse A. Cagey and Dale J. Cagey,      :
                          Appellants    :
                                        :
            v.                          :      No. 2650 C.D. 2015
                                        :
Commonwealth of Pennsylvania,           :
Department of Transportation,           :
a Commonwealth Agency                   :

# **O R D E R**


        AND NOW, this 28th day of July, 2016, the order of the Court of Common Pleas of Beaver County is hereby AFFIRMED.


                                    _____
                                    P. KEVIN BROBSON, Judge