Daniel LING and Catherine Ling,
husband and wife, Appellants

v.

COMMONWEALTH of Pennsylvania,
DEPARTMENT OF TRANSPOR-
TATION, and Michael Allen.

Commonwealth Court of Pennsylvania.

Argued April 15, 2013.
Decided July 18, 2013.
Publication Ordered Sept. 30, 2013.

James C. Heneghan, Pittsburgh, for appellants.

Kemal A. Mericli, Senior Deputy Attorney General, Pittsburgh, for appellee, Commonwealth of Pennsylvania, Department of Transportation.

BEFORE: McGINLEY, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

1. The matter was reassigned to the author on May 29, 2013.

2. Catherine Ling is named as a co-plaintiff but was not involved in the accident from which this appeal arose.

3. The Lings settled their claim against Mr. Allen in September 2012.

OPINION BY Judge McCULLOUGH.[1]

Daniel Ling and Catherine Ling[2] appeal from the August 20, 2012 order of the Court of Common Pleas of Allegheny County (trial court) granting summary judgment in favor of the Department of Transportation (DOT). We affirm.

The relevant facts of this case are not in dispute. On June 30, 2006, Daniel Ling stopped his car at the edge of a private driveway, preparing to make a left-hand turn onto State Route 60 in Robinson Township, Allegheny County. Immediately before exiting the private driveway, Mr. Ling looked left and did not observe any traffic in the eastbound lane. Mr. Ling gradually pulled out of the driveway and started to make the left-hand turn; he then glanced left and saw a pick-up truck approximately 100 feet away traveling eastbound. The pick-up truck collided with Mr. Ling's vehicle as it was located in the eastbound and center lanes. Mr. Ling suffered injuries to his neck, spine, and legs, as well as post-traumatic stress and depression. (Reproduced Record (R.R.) at 161a–67a, 211a–21a.)

In July 2007, the Lings filed a complaint against DOT and Michael Allen, the driver of the pick-up truck.[3] The Lings alleged that DOT was negligent and breached the standard of care in the following particulars: in allowing the private driveway to enter onto State Route 60 with an improper sight distance;[4] in failing to prohibit left-hand turns from the driveway; in failing to warn motorists of the driveway's existence; in failing to increase the sight

4. "Sight distance" is defined as "the distance required by a driver traveling at a given speed to stop the vehicle after an object on the roadway becomes visible to the driver." *Department of Transportation v. Longo*, 98 Pa. Cmwlth. 120, 510 A.2d 832, 833 n. 1 (1986).

distance; and in failing to correct the un-permitted and unlicensed driveway that created a dangerous condition.

On July 16, 2012, DOT filed a motion for summary judgment. After oral argument, the trial court concluded that DOT is immune from suit under section 502(b)(4)(i) of the Pennsylvania Construction Code Act (CCA), Act of November 10, 1999, P.L. 491, *as amended,* 35 P.S. § 7210.502(b)(4)(i) (Driveway Immunity Provision). The Driveway Immunity Provision provides:

> Neither [DOT] nor any municipality to which permit-issuing authority has been delegated under section 420 of the State Highway Law shall be liable in damages for any injury to persons or property arising out of the issuance or denial of a driveway permit or for failure to regulate any driveway.

35 P.S. § 7210.502(b)(4)(i).[5]

The trial court also found that DOT is immune from suit under the doctrine of sovereign immunity and that the Lings failed to prove the applicability of an exception in section 8522 of the Judicial Code, commonly known as the Sovereign Immunity Act, 42 Pa.C.S. § 8522. For these reasons, the trial court entered summary judgment in DOT's favor. The

Lings filed a timely appeal from this decision.

■ The Lings first contend that the CCA and the Driveway Immunity Provision do not apply because the private driveway belonged to a business rather than a residential dwelling. However, as the party opposing a motion for summary judgment, it was incumbent upon the Lings to adduce evidence that, if believed by the trier of fact, would create a genuine issue of fact as to whether the driveway belonged to a business entity and/or was used for business purposes. Pa. R.C.P. No. 1035.2(2); *Wenger v. West Pennsboro Township,* 868 A.2d 638 (Pa.Cmwlth.2005). In their brief, the Lings cite no such evidence. It is well-settled that the mere assertion that a material issue of fact exists without producing any evidence is insufficient to defeat a motion for summary judgment. *See* Pa. R.C.P. No. 1035.3(a); *Horne v. Haladay,* 728 A.2d 954, 958 (Pa.Super.1999) (concluding that the plaintiff failed to identify sufficient factual evidence to avoid the application of a statute and the entry of summary judgment based upon the statute).[6]

■ The Lings also assert that the trial court erred in concluding that DOT is immune from suit under the Driveway Im-

---

**5.** The CCA outlines a procedure requiring an individual to file an application and obtain an occupancy permit before connecting a private driveway to a state highway. Within 60 days of receiving an application for such a permit, DOT may, among other things, approve or deny the permit. If DOT fails to take action within the 60–day period, the permit is deemed to be issued. 35 P.S. § 7210.502(b)(2)-(3).

**6.** In any event, we note that section 104 of the CCA (Application), states that with exceptions not applicable here, the CCA "shall apply to the construction ... [of] all buildings in the Commonwealth." 35 P.S. § 7210.104(a). And section 502(b)(1) of the CCA provides

that a building permit shall not be issued "for any property" that will require access to a Commonwealth highway unless certain conditions are met. 35 P.S. § 7210.502(b)(1). Moreover, section 508(6) of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508(6), contains language identical to the Driveway Immunity Provision. This section of the MPC pertains to "all subdivision and land development plats," including the construction of driveways that connect to a state road/highway. 53 P.S. § 10508(6). *See Shelbourne Square Associates, L.P. v. Board of Supervisors, Twp. of Exeter, Berks County,* 794 A.2d 946 (Pa.Cmwlth.2002).

munity Provision. According to the Lings, the Driveway Immunity Provision only applies when an injury occurs in connection with DOT's issuance or denial of a driveway permit. Based upon this premise, the Lings point to evidence from their expert witness that the owner of the private driveway never applied for a permit, and they assert that this evidence creates a genuine issue of material fact precluding the entry of summary judgment. We disagree.

Our review of an order granting summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. Summary judgment is proper only where the record shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Rodriguez v. Department of Transportation*, 59 A.3d 45, 47 n. 2 (Pa.Cmwlth.2013).

When interpreting a statute, this Court is guided by the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991, which states that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "The clearest indication of legislative intent is generally the plain language of a statute." *Walker v. Eleby*, 577 Pa. 104, 123, 842 A.2d 389, 400 (2004). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Only when the words of the statute are not explicit may this Court resort to statutory construction. 1 Pa.C.S. § 1921(c).

Contrary to the Lings' proposed interpretation, the Driveway Immunity Provision is not limited to instances where DOT issues or denies a driveway permit. Rather, the language of the Driveway Immunity Provision is much broader, immunizing DOT from liability for any injury occurring as a result of DOT's "failure to regulate [a] driveway." As evidenced from the Lings' averments of negligence, the gist of their civil suit alleges that DOT breached a duty of care in failing to take regulatory action with respect to the private driveway.

In an attempt to circumvent the language of the Driveway Immunity Provision, the Lings argue that their negligence claim has nothing to do with the private driveway, but, instead, concerns insufficient sight distance on State Route 60 itself. Particularly, the Lings contend that the curvature of the roadway, the topography of the surrounding landscape, and the location of the driveway created an insufficient sight distance to allow Mr. Allen to see Mr. Ling's vehicle as it left the driveway. (Lings' brief at 30.) However, the Lings' argument merely shifts the perspective of the accident to Mr. Allen's point of view. Regardless of whose vantage point is utilized, the Lings' contention essentially seeks to impose legal duties on DOT to reshape the design and the physical characteristics of State Route 60 to accommodate the particular sight distance needs of the private driveway and the environment/landscape alongside the driveway. This argument has no basis in our case law or DOT's regulations.

The Commonwealth, through DOT, owes "a duty of care to maintain the highway, *i.e.*, the paved cartway and adjacent berm, in a safe condition.... This duty does not extend to hazards not located on the highway." *Pritts v. Department of Transportation*, 969 A.2d 1, 4 (Pa. Cmwlth.2009). Consistent with this precept of law and the Driveway Immunity Provision, section 441.6(12) of DOT's regulations require the owner of an abutting property to maintain the driveway "so as not to interfere or be inconsistent with the design ... of the highway, or the safe and

convenient passage of traffic upon the highway." 67 Pa.Code § 441.6(12). *See* 67 Pa.Code § 441.7(f)(1) ("The location and angle of an access driveway approach in relation to the highway intersection shall be such that a vehicle entering or leaving the driveway may do so in an orderly and safe manner and with a minimum of interference to highway traffic"). DOT's regulations also recommend minimum, acceptable sight distances at intersections between private driveways and state roadways, and if the proposed sight distance cannot be met, DOT "may," among other things, "prohibit left turns by exiting vehicles" or "alter the horizontal or vertical geometry of the roadway." 67 Pa.Code § 441.8(h)(1), (3). However, there is no statutory law or regulation that requires DOT to take these measures, and the Driveway Immunity Provision grants DOT immunity if it does not implement such measures.[7] Therefore, we conclude that the Driveway Immunity Provision explicitly cloaks DOT with immunity from the Lings' negligence action.[8]

■ The Lings also argue that DOT's sovereign immunity is revoked under the exception in section 8522(b)(4) of the Sovereign Immunity Act. Given our holding that the Driveway Immunity Provision

specifically confers DOT with statutory immunity, we need not determine whether an exception to sovereign immunity is applicable. *See* 1 Pa.C.S. § 1933 (stating that where there is an irreconcilable conflict between two statutes, the more specific provision should usually prevail over the more general statute). Indeed, it would be anomalous for our legislature to grant immunity in one statute and simultaneously abrogate that immunity in another statute. However, in order to avoid a potentially incongruous interpretation of two statutes, this Court will dispose of the Lings' second argument on its merits.

Section 8522(b)(4) of the Sovereign Immunity Act, commonly referred to as the "real property exception," provides that the Commonwealth may not raise the defense of sovereign immunity where an injury occurs as a result of:

A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5)

7. Consequently, the legal responsibility and corresponding liability is on the landowner, and not DOT, to construct a private driveway in a manner that accounts for the sight distance needs of the adjoining highway and the surrounding environment. *See Braxton v. Department of Transportation*, 160 Pa.Cmwlth. 32, 634 A.2d 1150, 1157 (1993) (concluding that a landowner's violation of DOT's regulations concerning driveways may constitute negligence *per se* where the driveway is "inappropriately located or constructed" and results in accidents "because of cars coming in or out of driveways."). This, of course, is not to say that a landowner does not have a valid defense in a negligence action if DOT issued a permit and the landowner constructed a

driveway in accordance with the specifications in the permit.

8. The Lings cite *McCarthy v. Ference*, 358 Pa. 485, 498, 58 A.2d 49, 56 (1948), for the proposition that the Commonwealth and landowners both share a duty under the Restatement of Torts not to impair the safety of a highway and that the failure to fulfill this duty results in liability that is "dual and co-existent." Although *McCarthy* can be read broadly to support this proposition, our Supreme Court has clarified that such an action can only be maintained "against one not having the immunity defense." *Mascaro v. Youth Study Center*, 514 Pa. 351, 361, 523 A.2d 1118, 1125 (1987).

[relating to potholes and other dangerous conditions].

42 Pa.C.S. § 8522(b)(4).

In *Babcock v. Department of Transportation,* 156 Pa.Cmwlth. 69, 626 A.2d 672 (1993), we explained that a dangerous condition must exist on the highway itself and not just within the right-of-way area in order to invoke the real estate exception in section 8522(b)(4). We concluded that for purposes of the real estate exception, a "highway" encompasses the "cartway," that is, the paved and traveled portion of the highway, and the berm or shoulder, the paved portion to either side of the actual traveled portion of the road; however, a "highway" does not include the right-of-way, that is, the area beyond the berm or shoulder. *Babcock,* 626 A.2d at 673 n. 1, 674–75. Accordingly, this Court in *Babcock* held that the real estate exception did not apply where the plaintiff was injured when the car she was driving left the paved highway and struck a log located on the grassy area several feet from the paved surface of the highway but still within DOT's right-of-way.

Here, Mr. Ling was at the edge of the private driveway and could not observe Mr. Allen's vehicle before he pulled out onto State Route 60. (R.R. at 166a–67a; *see* R.R. at 185a–87a.) In line with our analysis above, we conclude that based upon the undisputed facts of the accident, as a matter of law, the location and design of the private driveway, combined with the environment/landscape alongside the driveway, was the originating source of any sight distance problems or dangerous conditions. Indeed, the Lings concede as much in their brief, which is replete with argument establishing that their legal theories concern alleged dangerous conditions that are situated exclusively within the highway's right-of-way area, including the outmost curvature of State Route 60, *i.e.,*

the point where the road bends and is no longer visible from the vantage point of the driveway. For example, the Lings state that "the driveway in question is within [DOT's] right-of-way and, more importantly, that a condition (hillside and vegetation) in its right of way, along with the curvature of its public road caused the insufficient sight distance;" "In this matter, it was the curvature of the roadway combined with the hillside and the location of the driveway in the right-of-way that ultimately created the short sight distance …;" and "Mr. Ling pulled out onto the road and as a result of the defect of the right-of-way suffered a collision with another vehicle on the roadway…. As Mr. Ling's injuries were caused by an inadequate sight distance within the right-of-way … the real estate exception must apply." (Lings' brief at 23, 30, 35.) And acknowledging that their negligence claim only involves the right-of-way portion of State Route 60, the Lings argue that "a dangerous condition in a right-of-way … fall[s] within the real estate exception." (Lings' brief at 24.) However, the authority cited by the Lings is factually inapposite because those cases all involved realty that the Commonwealth owned in the right-of-way, which, through DOT's negligent conduct, fell and/or intruded onto the highway. *See Patton v. Department of Transportation,* 669 A.2d 1090 (Pa.Cmwlth. 1996), *reversed on other grounds,* 546 Pa. 562, 686 A.2d 1302 (1997) (concluding that sovereign immunity was not applicable where a large tree limb located within DOT's right-of-way extended out onto the state highway and fell onto the plaintiff's car while traveling on the highway); *Trenco, Inc. v. Department of Transportation,* 126 Pa.Cmwlth. 501, 560 A.2d 285 (1989) (concluding that sovereign immunity was not applicable where DOT was the right-of-way owner of land abutting a state highway and the condition of the land resulted

in a landslide of slate and mud that came down upon the roadway causing damage to vehicles); *Department of Transportation v. Consolidated Rail Corp.*, 102 Pa. Cmwlth. 611, 519 A.2d 1058 (1986) (concluding that sovereign immunity was not applicable where DOT's negligent failure to maintain the drainage structures along a highway resulted in a landslide that caused Conrail's railroad tracks to shift); *Steckley v. Department of Transportation*, 46 Pa.Cmwlth. 367, 407 A.2d 79 (1979) (concluding that sovereign immunity was not applicable where surface waters from the highway began draining onto the plaintiff's property as a result of negligently maintained highway drainage facilities located in the right-of-way). No such similar circumstances are present here. Therefore, we conclude that given the undisputed facts of this case and the nature of the Lings' negligence claim, the exception in section 8522(b)(4) is inapplicable as a matter of law.

Having concluded that the Driveway Immunity Provision immunizes DOT from liability and that the exception to sovereign immunity in section 8522(b)(4) does not apply, we affirm the trial court's order granting summary judgment in favor of DOT.

### ORDER

AND NOW, this 18th day of July, 2013, the August 20, 2012, order of the Court of Common Pleas of Allegheny County is affirmed.

### CONCURRING OPINION BY Senior Judge FRIEDMAN.

I concur in the result. The plain language of the Driveway Immunity Provision shields DOT from liability for any injuries arising out of DOT's "issuance or denial of a driveway permit" or its "failure to regulate any driveway." 35 P.S. § 7210.502(b)(4)(i). Unfortunately, our court has no guidance from either prior judicial precedent or the General Assembly as to how the legislature intended that this provision be applied. Thus, the majority uses general statutory construction principles to conclude that the Driveway Immunity Provision cloaks DOT with immunity in all cases involving injuries sustained as a result of DOT's failure to regulate a private driveway. Under this broad interpretation of the Driveway Immunity Provision, DOT can never be liable for injuries resulting from an improperly located or constructed driveway, regardless of whether the property owner received a permit or DOT had prior notice of a dangerous condition relating to the driveway's location or design. I am not convinced that the legislature intended this result.

While the following facts are not present here, one can imagine a case in which a plaintiff files suit alleging that his or her injuries were caused by an improperly located or constructed driveway for which DOT issued a permit. In fact, the majority recognizes this possibility, stating, "This, of course, is not to say that a landowner does not have a valid defense in a negligence action if DOT issued a permit and the landowner constructed a driveway in accordance with the specifications in the permit." (Majority's Op. at 5 n. 7.) If the landowner can validly defend against a negligence action by asserting that it complied with DOT's driveway regulations, and DOT is immune from liability, then from whom can a plaintiff recover for injuries sustained as a result of an improperly located or constructed driveway?[1] In my view, by failing to enumerate exceptions to

---

1. I note that the Driveway Immunity Provision also shields local municipalities from liability for failure to regulate private driveways. *See* 35 P.S. § 7210.502(b)(4)(i).

DOT's immunity in this realm, the General Assembly has overlooked the real consequences of the Driveway Immunity Provision's strict immunity language.

Nonetheless, given the facts of this case and the plain language of the Driveway Immunity Provision, I am constrained to agree with the majority's decision.