J-S64038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DAVID E. BARTLING | |
| Appellant | No. 346 MDA 2017 |

Appeal from the PCRA Order February 3, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005288-2006,
CP-67-CR-0005291-2006

BEFORE: PANELLA, J., SHOGAN, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:           **FILED NOVEMBER 13, 2017**

Appellant, David E. Bartling, appeals *pro se* from the order entered in the York County Court of Common Pleas dismissing his first Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant contends that his petition was timely filed due to a newly discovered constitutional right and asserts that his PCRA counsel was ineffective. We affirm.

We adopt the facts and procedural history set forth by the PCRA court's opinion. *See* PCRA Ct. Op., 5/9/17, at 1-4. Appellant raises the following issues for review:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

1. Whether the Court erred in denying [Appellant's] PCRA petition alleging trial counsel ineffectiveness, illegal sentences, plea not knowing, voluntary, or intelligent, and plea unlawfully induced, as untimely without due consideration of a claim of discovery of new evidence as an exception to the one year filing period.[?]

II. Whether PCRA counsel was ineffective, thus rendering the PCRA petition involuntarily uncounseled[?]

Appellant's Brief at 6.

Appellant acknowledges that his PCRA petition is facially untimely but argues that an unpublished memorandum issued by this Court, *Commonwealth v. Singleton*, 486 EDA 2014 (Pa. Super. filed Aug. 19, 2015) (unpublished memorandum), set forth a newly discovered constitutional right relevant to his case. He specifically contends that *Singleton* invalidated his sentence because this Court stated that the imposition of a mandatory minimum sentence, as in effect at the time of Appellant's sentencing, would result in potential constitutional violations. Appellant also asserts that this PCRA counsel was ineffective for failing to adequately prepare for his PCRA hearing. No relief is due.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

Significantly here, we note that "[a]n unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other

action or proceeding . . ." 210 Pa.Code. § 65.37(A). Further, "[o]ur Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by [42 Pa.C.S.] 9545(b)(1)(ii)." **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013). Regarding Appellant's claim of ineffective assistance of PCRA counsel, we recognize that "[c]laims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." **Commonwealth v. Ford**, 44 A.3d 1190, 1201 (Pa. Super. 2012)

After careful consideration of Appellant's brief, the record, and the thorough decision of the Honorable Michael E. Bortner, we affirm on the basis of the PCRA court's opinion. **See** PCRA Ct. Op., at 4-12; (holding that (1) the PCRA court lacked jurisdiction to review the merits of Appellant's PCRA petition where Appellant's petition is facially untimely by over six years and Appellant's citation to **Singleton**, an unpublished memorandum, did not establish an exception to the timeliness requirement of the PCRA and (2) Appellant was precluded from raising a claim of PCRA counsel's ineffective assistance for the first time on appeal and, even if the issue had been properly preserved, Appellant failed to prove that counsel was ineffective). Accordingly, we affirm the PCRA court's dismissal of Appellant's petition.

Order affirmed.

J-S64038-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2017

- 4 -

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

| | | |
|---|---|---|
| **COMMONWEALTH** | ; | **CP-67-CR-0005288-2006** |
| Appellee | ; | **CP-67-CR-0005291-2006** |
| v. | ; | |
| | ; | **PCRA APPEAL** |
| **DAVID E. BARTLING,** | ; | |
| Defendant/Appellant | : | |

Inmate # HC 0810
COUNSEL OF RECORD:

Stephanie E. Lombardo, Esquire         David E. Bartling
Counsel for the Commonwealth         *Pro se* for the Defense

## OPINION IN SUPPORT OF ORDER PURSUANT TO RULE 1925(a) OF THE RULES OF APPELLATE PROCEDURE

The Court received a Notice of Appeal, docketed on February 15, 2017, that David E.

Bartling, *pro se*, appeals to the Superior Court of Pennsylvania the Order entered in the

above-captioned cases on February 3, 2017. The Court has reviewed the record. The Court

now issues this Opinion in support of our February 3, 2017 Order.

## I.    Procedural History

The relevant procedural history is as follows: On December 8, 2006, the Appellant

entered pleas in cases docketed at CP-67-CR-0005288-2006 and CP-67-CR-0005291-2006.

In CP-67-CR-0005288-2006, the Appellant plead *nolo contendere* to statutory sexual assault[1]

and indecent assault.[2]  In CP-67-CR-0005291-2006, the Appellant plead guilty to indecent

---

1 18 Pa.C.S.A. § 3122.1.
2 18 Pa.C.S.A. § 3126(a)(8).

1

assault,[3] statutory sexual assault,[4] involuntary deviate sexual intercourse (hereinafter: IDSI),[5] and sexual exploitation of children.[6] On May 1, 2007, following evaluation, the trial court determined that the Appellant was a sexually violent predator (hereinafter: SVP) and imposed an aggregate sentence of ten to twenty years in a state correctional institution. The Appellant appealed his being labeled an SVP based upon insufficient evidence and on December 12, 2007, in a non-precedential decision, the Superior Court affirmed the determination of the trial court.

The Appellant's cases laid dormant until he began requesting documents related to his cases beginning on July 28, 2014. On March 2, 2015, the Appellant filed separate Post-Conviction Relief Act (hereinafter: PCRA) petitions in each of the case dockets listed in this opinion. On March 9, 2015, the Appellant filed his Motion for Consolidation of Petitioner's Post-Conviction Relief and Amendment Thereof. On April 12, 2016, Karen Comery, Esquire was appointed to represent the Appellant on his PCRA petition. Owing to a conflict of interests, on April 19, 2016, we supplanted Attorney Comery with Jennifer Smith, Esquire. Following some back-and-forth with the Appellant about his erroneous notion that Attorney Smith worked for the York County Public Defender's Office against whom the Appellant had lodged his claims of ineffectiveness, a PCRA hearing was set for September 29, 2016. By a

3 18 Pa.C.S.A. § 3126(a)(8).
4 18 Pa.C.S.A. §3122.1.
5 18 Pa.C.S.A. § 3123(a)(7).
6 18 Pa.C.S.A. § 6320(a).

2

*pro se* letter of September 15, 2016, the Appellant requested a continuance necessitated by his medical needs. This letter was supplemented by a counseled request to reschedule the hearing on September 20, 2016. On September 20, 2016, we continued the PCRA hearing to November 23, 2016. Advised on November 3, 2016 that the Appellant was still medically unavailable, we continued the PCRA hearing to February 3, 2017. On January 20, 2017, the Commonwealth requested that we dismiss the Appellant's PCRA petition *sans* hearing as being untimely. Feeling that the convoluted procedural history of the Appellant's attempts to garner PCRA relief merited a hearing, we moved forward with the PCRA hearing.

Following an on-the-record discussion on the timeliness of Appellant's PCRA petition, we dismissed the Appellant's petition as being untimely without meeting any exceptions. Additionally, following a colloquy, pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), we determined that the Appellant desired to proceed *pro se* on appeal rather than with counsel who had informed him that she would be forced to argue her belief that the Appellant had no meritorious issues upon which to appeal.

On February 15, 2017, the Appellant filed his Notice of Appeal of our February 3, 2017 Order. Pursuant to the Pennsylvania Rules of Appellate Procedure, Rule 1925(b), the Appellant was directed by an Order docketed on February 28, 2017 to file a statement of matters complained of on appeal. On March 9, 2017, the Appellant submitted his Statement of Matters Complained of On Appeal, R.A.P. 1925(b), which was docketed on March 15,

3

2017. The transcript of the February 3, 2017 PCRA Hearing became available on April 25, 2017.

The Appellant appeals for the following reasons: First, the Appellant avers it was error to deny his PCRA petition as untimely where he claimed an exception to the timeliness requirement in the nature of a discovery of new evidence exception. Second, the Appellant believes his PCRA counsel was ineffective, which rendered his petition involuntarily uncounseled.

## II.    Facts

We omit this customary section as the relevant facts have already been recited in the procedural history and those facts, as applied *infra*, are uncomplicated.

## III.    Matters Complained of on Appeal

### A.    Untimeliness of PCRA

The Appellant's first matter complained of is that this Court erred in failing to find that the untimeliness of his PCRA petition was cured by the discovery of new evidence. Though not explicitly stated in his statement of errors complained of on appeal, it is clear to this Court that the Appellant believes we incorrectly rejected his presentation of the unpublished case of *Commonwealth v. Singleton*, 2016 WL 6675151, filed August 19, 2015, as a qualifying exception to the timeliness requirement of the PCRA for the discovery of new evidence that was previously unavailable. In *Singleton*, the Superior Court stated that, "if the assaults occurred prior to January 1, 2007, 'the imposition of the ten-year, rather than five-

4

year mandatory minimum, [would] have resulted in an improper application of the terms of § 9718[,]' *i..e.*, potential violations of the *ex post facto* clauses in the United States Constitution and Pennsylvania Constitution, respectively." 2015 WL 6675151 at 1 (quoting *Commonwealth v. Singleton*, 75 A.3d 545 (Pa. Super. Ct. 2013) (unpublished memorandum at 8)) (citing U.S. Const. Article I, § 10, Pa. Const. Article I, § 17). The question is whether or not this qualifies as newly discovered evidence to overcome to the time-bar of the PCRA.

Neither this court, nor any other we know of, can have jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citing *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003) (citations omitted)). "[A]ny PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final." *Commonwealth v. Breakiron*, 781 A.2d 94, 97 (Pa. 2001) (citing 42 Pa.C.S. § 9545(b)(1)). And, "[a] judgment becomes final at the conclusion of direct review or at the expiration of time for seeking the review." *Id.*, at 42 Pa.C.S. § 9545(b)(3)).

In order for a PCRA petitioner to overcome the time-bar, the petitioner must allege and prove one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due

5

diligence; or

    (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*, at 97-98 (citing 42 Pa.C.S. § 9545(b)(1)(i)-(iii)). Further, "[a] petition invoking one of the above exceptions must be filed within 60 days of the date the claim could have been presented." *Id.*, at 98 (citing 42 Pa.C.S. § 9545(b)(2)). "'As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims.'" *Commonwealth v. Secreti*, 134 A.3d 77, 80 (Pa. Super. Ct. 2016) (quoting *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000)).

Turning to the case *sub judice*, The Superior Court denied the Appellant's first appeal on December 12, 2007. As the Appellant did not seek review of this decision in our Supreme Court, his judgment became final thirty days later on January 11, 2008. See Commonwealth's Motion to Dismiss Untimely PCRA Petition at unnumbered page 1 (citing *Commonwealth v. Pollard*, 911 A.2d 1005, 1007 (Pa. Super. Ct. 2006)). A year later, on January 12, 2009, the time for the Appellant to file a facially timely PCRA petition ran. *Breakiron, supra*, at 97. The Appellant filed his PCRA petitions on March 2, 2015. These petitions were *six years* too

6

late.

To surmount the time-bar, the Appellant proffered his discovery of *Commonwealth v. Singleton*, 2016 WL 6675151, filed August 19, 2015, as newly discovered evidence. However, in *Commonwealth v. Watts*, our Supreme Court said, "we hold that subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." 23 A.3d 980, 987 (Pa. 2011); See also *Commownealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. Ct. 2013); *Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. Ct. 2012); *Id est*, new case law, favorable to a PCRA petitioner, does not qualify as a new *fact* under the exceptions to the PCRA time-bar. Additionally, we must stress that *Singleton* is an unpublished case, which we are not bound by and upon which we cannot rely for support. 210 Pa. Code § 65.37. Moreover, the fact that three of the Appellant's attorneys failed to recognize any impropriety in applying the ten-to-twenty year mandatory minimum to the Appellant's case, where his offenses occurred before that mandatory went into effect on January 1, 2007, is unavailing. (Notes of Testimony, 2/3/17, at 5-6.) Binding precedent establishes that discovery of prior counsel's ineffective assistance does not constitute a newly discovered fact under § 9545(b)(1)(ii). *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780-785-86 (Pa. 2000).)

For the foregoing reasons, the Appellant's PCRA petition was facially untimely and no exception to the timeliness requirement could overcome this deficiency. We therefore humbly request affirmance as to this matter complained of.

B.      Ineffectiveness of PCRA Counsel

7

In his second matter complained of, the Appellant avers that his PCRA counsel was ineffective, which rendered his petition involuntarily uncounseled. *Ab initio*, we recognize that ineffective assistance of trial counsel claims are generally to be deferred to collateral review. *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). The situation we have, in which counsel has dismissed his PCRA counsel and has alleged ineffectiveness of his PCRA counsel, is far less certain. In *Commonwealth v. Ford*, after an exhaustive analysis of relevant law, the Superior Court stated that, "claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." 44 A.3d 1190, 1201 (Pa. Super. Ct. 2012); See also *Commonwealth v. Henkel*, 90 A.3d 16, 29-30 (Pa. Super. Ct. 2014) (Discussing how allegations of PCRA counsel ineffectiveness have evaded appellate review.). A review of the February 3, 2017 transcript reveals that it is devoid of any assertion by the Appellant that his PCRA counsel was ineffective. This transcript contains the last communication from the Appellant to this Court before he filed his *pro se* Notice of Appeal, which, per *Ford*, *supra*, bars his claim of PCRA counsel ineffectiveness. A reading of *Henkel* leaves this Court with the distinct impression that, unless the Appellant correctly crafts his arguments, he will be forever foreclosed from challenging Attorney Smith's representation via a PCRA petition within the state courts. 90 A.3d, at 29-30. Barring a cognizable and cogent framing of the matter by the Appellant, we believe this matter will evade review by the Superior Court and we feel compelled to request affirmance as to it.

8

If the Appellant is able to place this matter complained of in a proper posture for appellate review then we must address the question of ineffectiveness. It is stated in *Strickland v. Washington* that, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." 466 U.S. 668, 686 (1984). Pennsylvania codified this principle in the Post-Conviction Relief Act, which provides post-conviction relief for "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Pennsylvania's Supreme Court has interpreted this to mean that to show ineffective assistance of counsel, a petitioner must show that:

> (1) the claim underlying the ineffectiveness claim has arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) counsel's actions resulted in prejudice to petitioner.

*Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009) (citing *Commonwealth v. Collins*, 957 A.2d 237, 244 (Pa. 2008)); See also, *Commonwealth v. Rollins*, 738 A.2d 435, 441 (Pa. 1999) (citations omitted). "A chosen strategy will not be found to have lacked a reasonable basis unless it is proven 'that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" 983 A.2d 666, 678 (Pa. 2009) (quoting *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006) (quoting *Commonwealth v. Howard*, 719 A.2d 233, 237 (Pa. 1998))). In *Commonwealth v. Pierce*, the Pennsylvania

9

Supreme Court wrote that, "[p]rejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." 786 A.2d 203, 213 (Pa. 2001) (citing *Commonwealth v. Kimball*, 724 A.2d 326, 332 (Pa. 1999)); See also, *Commonwealth v. Fletcher*, 986 A.2d 759, 772 (Pa. 2009) (citations omitted). Lastly, "the law presumes that counsel was effective and the burden of proving that this presumption is false rests with the petitioner." 983 A.2d 666, 678 (Pa. 2009) (citing *Commonwealth v. Basemore*, 744 A.2d 717, 728 (Pa. 2000)).

We first examine if the claim of ineffectiveness possesses arguable merit. For the reasons outlined in our response to the first matter complained of, we believe it does not. The Appellant sought to put an untimely petition for post-conviction relief before this Court. We outlined why it was untimely above. The Appellant has thus already failed the first prong of a test in which *all three* prongs must be met. Nonetheless, we continue on.

We next examine whether PCRA counsel's actions lacked any reasonable basis whilst bearing in mind that the Appellant has a duty to show an alternative path not taken by PCRA counsel offered a substantially greater chance of success. Of course, the trouble with considering allegations of PCRA counsel's ineffectiveness that are not raised until the statement of errors complained of on appeal becomes abundantly clear at this juncture. The Appellant has proposed no alternative with a substantially greater potential for success. None appears in his statement of errors. There is no real record to review. Counsel argued against
10

dismissing Appellant's PCRA as being untimely. (N.T., 2/3/17, at 3-9.) And, in fact, PCRA counsel presented the aforementioned unpublished case of *Commonwealth v. Singleton*, which is the *same* course of action the Appellant wished to take to evade the time barrier of the PCRA. *Id.*, at 3. There was no alternative course of action Attorney Smith could have taken to get around the time-bar and to confer jurisdiction upon this Court to hear the Appellant's underlying claims for PCRA relief. The Appellant has, at this point, failed two prongs of the test of ineffective assistance of counsel. Nonetheless, we proceed to the third prong.

For the third prong, we weigh whether, as a result of PCRA counsel's actions, prejudice inured to the Appellant's petition for relief. We ask whether the Appellant has shown that, but for counsel's error, a different outcome would have occurred. We cannot find that any different outcome would have occurred as this Court has found no supporting law that would allow the Appellant to satisfy the time-bar of the PCRA.

Remembering that the law presumes counsel was effective, we believe the Appellant fails at all three prongs of the test for ineffective assistance of counsel. Yet, we have analyzed all three independently in the possible event that the Superior Court feels one, or more, of those prongs has been met. Having completed our evaluation and satisfied ourselves that the Appellant could not have succeeded on any of the individual prongs, let alone together as he must to succeed, we pray for affirmance as to this matter complained of on appeal.

## IV.   Conclusion

11

Based upon the reasons stated above, this Court respectfully urges affirmance of the Order of January 6, 2017.

BY THE COURT,

MICHAEL E. BORTNER, JUDGE

DATED: May 9th, 2017

2017 MAY 10 PM 4:05
DON O'SHELL
CLERK OF COURTS

12